## ABNER REED AND JOSEPH GORDON *v.* DAVID CALDERWOOD.

DENIALS IN ANSWER.—If several averments in a complaint are conjunctively stated, an answer attempting to deny them by repeating them in their conjunctive form does not raise an issue.

AVOIDING ADMISSION IN ANSWER.—If a complaint to quiet title avers plaintiffs' possession, and the answer admits the averment, this admission is not avoided by a special averment that plaintiff obtained possession by collusion with defendant's tenant.

ACTION TO QUIET TITLE.—Possession in plaintiff is necessary in an action to quiet title; but if the possession exist it matters not how it was acquired.

PLEADINGS.—If the answer in an action to quiet title admits plaintiffs' ownership in fee simple and possession, the rightfulness of the possession follows the admission, and even if plaintiff went into possession by leave of defendants' tenant, he is not estopped from denying defendants' title.

INJUNCTION IN ACTION TO QUIET TITLE.—If plaintiff prevail in an action to quiet title, a decree inserted in the judgment enjoining defendant from making any further contest on plaintiffs' title, even if not strictly correct, does not injure defendant.   Such decree does not preclude defendant from availing himself of an after acquired title.

ACTION TO QUIET TITLE.—A judgment for plaintiff in an action to quiet title is a bar to subsequent litigation on the same subject matter.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Plaintiffs averred in their complaint " that they now are and for several years last past have been the owners in fee simple absolute, and in the possession and rightfully entitled to, the possession of " (here followed a description of the land).

Defendant in his answer denied " that plaintiffs now are and for several years last past have been the owners in fee simple or

otherwise, or in the possession (except as hereinafter alleged), or entitled to the possession of the land and premises described in the complaint." The pleadings were verified.

The other facts are stated in the opinion of the Court.

*David Calderwood*, in *pro per.* for Appellant, argued that the answer denied plaintiffs' title and possession, except as obtained by collusion with his tenant, and that plaintiffs were not in a position to maintain this action.

*S. M. Wilson*, and *A. P. Crittenden*, for Respondents, argued that the denials were not good, and that the whole denial of plaintiffs' title and possession applied to time—that is, " several years last past."

By the Court, SHAFTER, J. :

Action to quiet title under the two hundred and fifty-fourth section of the Practice Act. The case was tried by the Court. Finding and judgment for plaintiff. The appeal is from the judgment and order denying defendant a new trial.

The allegation in the complaint that the plaintiffs own the premises in fee simple absolute, is not denied, and no evidence was introduced tending to prove that the lot belonged to the defendant, as averred in his special answer.

The averment of the plaintiffs that they were in possession at the commencement of the action, is not effectually denied, under the decision (*Fish* v. *Redington*, 31 Cal. 185.) The possession so admitted, was not avoided by the special answer charging that the plaintiffs obtained possession by collusion with defendant's tenant. Possession was alleged for the purpose, primarily, of showing, not that the plaintiffs owned the land, but that they stood in that relation to the land on which the right to the particular remedy is by statute made to depend. To that intent it is a matter of no moment, how the possession was acquired. (*Depuy* v. *Williams*, 26 Cal. 310.) It may be true, inasmuch as the admission of the fact of possession is coupled with a statement that plaintiffs got in by a

collusive arrangement with defendant's tenant, that the answer cannot be treated as an admission that plaintiffs were in possession rightfully, but that the possession was by right is involved in the other admission that the plaintiffs own the lot in fee simple.

It cannot be claimed that the plaintiffs are estopped from denying the defendant's title on the ground that they came into possession by the leave of defendant's tenant, admitting such to have been the fact; for the admission that the plaintiffs own in fee simple occurs, in effect, in the very plea in which the estoppel is asserted.

It may be admitted that the plaintiffs were not in strictness entitled to a decree enjoining the defendant from making any further contest on the plaintiffs' title—whether judicially or otherwise; still the error must be disregarded, for it cannot affect any substantial right of the party. The decree would have been a bar to subsequent litigation on the same subject matter, if the injunction clause had been omitted; and that clause may be of positive service in preventing the bringing of suits by the defendant, which if brought would be sure to fail. The defendant, however, is mistaken in supposing that the injunction will preclude him from availing himself of an after acquired title.

Judgment affirmed.