[No. 2,966.]

DAVID CALDERWOOD, WILLIAM J. DOUGLAS, AND ELIZABETH DOUGLAS, HIS WIFE, v. EDMOND BROOKS, ROBERT C. BROOKS, ANTHONY RILEY, JAMES BURKE, DAVID IRVING, ASHBURY HARPENDING, AND THE CITY AND COUNTY OF SAN FRANCISCO.

EFFECT OF JUDGMENT IN EJECTMENT.—A judgment in favor of the plaintiff, in an action of ejectment brought against his tenant for holding over after the expiration of his term, does not determine the question of title, or right of possession, as between the plaintiff and a third person whom the tenant collusively placed in possession of the premises after the action was commenced.

ACTION TO QUIET TITLE.—One who, by collusion with a tenant, acquires possession of the leased premises, has such a possession as enables him to maintain an action under the two hundred and fifty-fourth section of the Practice Act, to quiet title to the same.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

Robert C. Brooks, Anthony Riley, and James Burke were Calderwood's tenants, against whom he brought ejectment for holding over. The action was commenced April 4th, 1863, and the judgment was affirmed in the Supreme Court, July 15th, 1865. Edmond Brooks was not made a party. He commenced the action to quiet title, on the 30th day of December, 1863, and made the plaintiffs in this action, and R. C. Brooks, David Irving, and the City and County of San

Francisco, defendants, and recovered judgment on the 15th day of April, 1864.

The demurrer to the complaint was sustained, and the plaintiffs appealed.

The other facts are stated in the opinion.

*Peter Dempsey*, for Appellants.

By the Court, RHODES, J.:

This is an appeal from a judgment on demurrer to the complaint. It appears from the complaint that David Calderwood was the owner of the premises in controversy; that R. C. Brooks and others were his tenants, and were holding over after the expiration of their term; that Calderwood, in an action of ejectment, recovered a judgment against his tenants for the possession of the premises, and that such judgment was affirmed on appeal. It further appears that within a few days after the commencement of that action, R. C. Brooks and the other tenants surrendered the possession of the premises to Edmond Brooks; that such surrender was collusive, and was procured by the payment of a sum of money by Edmond Brooks to R. C. Brooks; that soon thereafter Edmond Brooks commenced an action to quiet his title to the premises, against Calderwood and others; and afterwards, but before the affirmance of the judgment in *Calderwood* v. *Brooks*, he recovered a judgment against Calderwood and certain other of the defendants, quieting his (Edmond Brooks') title to the premises. Calderwood conveyed his interest in the premises to Elizabeth Douglas, one of the plaintiffs in this action. It is also alleged that Edmond Brooks prevailed in the action to quiet his title by means of the false testimony of R. C. Brooks, to the effect that Edmond Brooks did not acquire the possession of the premises under an agreement with him (R. C. Brooks), and because

of a stay of proceedings on the judgment in ejectment in *Calderwood* v. *Brooks*; and it is alleged that the plaintiffs were ignorant of the collusive agreement between Edmond Brooks and R. C. Brooks, until about two years before the commencement of this action.

The principal purpose of this action is to set aside and annul the judgment in *Brooks* v. *Calderwood*, quieting the title of Brooks—the other matters being merely incidental to relief against that judgment.

The fact that a stay of proceedings had been granted in the ejectment suit, before the action to quiet title was tried, and that thereby Calderwood was precluded from offering his judgment in evidence in the action to quiet title, is not material, for a judgment in favor of the plaintiff in that action against his tenants, on the ground that they were holding over after the expiration of their term, does not, and could not determine the question of title, or the right of possession as between Calderwood and Edmond Brooks. But the judgment is attacked mainly on the ground that Edmond Brooks acquired the possession by means of collusion with R. C. Brooks; and the argument is that because Edmond Brooks came into the possession in that manner, he merely took the place of R. C. Brooks, and became Calderwood's tenant, and therefore he did not have the possession which is requisite to the maintenance of an action brought under section two hundred and fifty-four to quiet his title. This position cannot be sustained.

The question as to whether Edmond Brooks had such possession as is required by the statute in order to maintain the action, was directly in issue in that case, and was decided adversely to Calderwood. The only fact pertinent to that issue, which is alleged to have been newly discovered, is the payment of a sum of money by Edmond Brooks to R.

C. Brooks, by which the latter was induced to surrender to the former the possession of the premises. But the character of the possession, or the relations growing out of it, as between Calderwood and Edmond Brooks, is not varied in any manner by the fact of the payment of that sum of money. If Edmond Brooks became the tenant of Calderwood by virtue of such entry, he would also become such tenant by a similar entry, without the payment of any money to R. C. Brooks. As the production of that evidence would not have changed the result on that issue, it is immaterial whether R. C. Brooks testified correctly or incorrectly as to the fact of such payment.

Judgment affirmed.