SETH B. RUBERT v. IRA BRAYTON ET AL.

*Bill to quiet title—Forcible possession.*

A claimant of land who takes and maintains *forcible* possession for the purpose of filing a bill to quiet his title, and to avoid a suit at law, cannot maintain his bill.

Appeal from Livingston. (Newton, J.) Argued July 2, 1890. Decided October 31, 1890.

Bill to quiet title. Complainant appeals. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Rollin H. Person (A. H. Wilkinson,* of counsel), for complainant, contended:

1. The deed under which Brayton claims is of record, and shows the title in him, in the absence of extrinsic evidence of his grantor's minority, and possession is not required to set the deed aside; citing *King v. Carpenter,* 37 Mich. 363.
2. The rule that a court of equity is not the proper tribunal to determine the title to land does not apply where the remedy at law is neither plain nor adequate, and such remedy is not plain

or adequate when the title would only incidentally come under examination, and the judgment in favor of one party would leave an apparent title of record in the other; citing *Railway Co. v. Gordon*, 41 Mich. 420; *Stoddard v. Prescott*, 58 Id. 542; and equity always has jurisdiction to set aside deeds and remove clouds from title; citing *Rowland v. Doty*, Har. Ch. 3.

8. But complainant's possession was sufficient to sustain his bill. The land was his, and he had a legal right to take peaceable possession; citing *Hoffman v. Harrington*, 22 Mich. 52; *Marsh v. Bristol*, 65 Id. 378.

*Luke S. Montague*, for defendants, contended:

1. Complainant's possession is not sufficient to sustain the bill, and the legal title should have been tried in a court of law by a jury; citing How. Stat. § 6626, as amended by Act No. 260, Laws of 1887; *Seitz v. Miles*, 16 Mich. 470; *Newton v. Doyle*, 38 Id. 648; *Van Auken v. Monroe*, Id. 728; *Stetson v. Cook*, 39 Id. 754; *Shaw v. Chambers*, 48 Id. 358; *Watson v. Brewing Co.*, 61 Id. 606.

LONG, J.  The bill is filed in this cause to set aside certain deeds and conveyances of land in Livingston county, and to quiet the title of complainant in said lands.

The claim of complainant is substantially that one Francis Fogden, being the owner of about 115 acres of land, and a small amount of personal property, died in the year 1863, leaving a last will and testament, by which he devised said lands to his wife, Elizabeth, to hold during the term of her natural life, and after her death to the children of his daughter Fanny, who was then the wife of Mr. George H. Tuttle.  Mr. Fogden's will was probated and allowed in Livingston county in October, 1863, and his widow continued in the use and enjoyment of the lands until her death, in 1871.  The daughter, Fanny, at the time of the death of her father, was living in Allegan county, and, from that time up to the date of the death of her mother, so continued to live in various places in Allegan county and Shiawassee county with her husband and family.

It is claimed by complainant that there were five children issue of the marriage of Fanny with George H. Tuttle, as follows: John, born May 6, 1855; James, February 27, 1857; William, July 10, 1860; Samuel, September 17, 1862; and Mary, August 1, 1865. It is also claimed that James died August 21, 1860; William, February 6, 1864; and Mary in the year 1868 or 1869,—all infants, and without issue, leaving only surviving John and Samuel; that, at the death of Mrs. Fogden, the widow of Francis Fogden, these grandchildren, John and Samuel, took the land in fee. Mrs. Tuttle, the mother, died shortly after the death of Mrs. Fogden, and her husband, George H. Tuttle, soon after Mrs. Fogden's death, removed with these two boys to Livingston county in the year 1872, and went into possession of the lands devised to them by Mr. Fogden. In that same year, Mr. Tuttle was appointed guardian of his two sons by the probate court of Livingston county, and at a guardian's sale disposed of 5¾ acres of these lands to Ira Brayton, one of the defendants in this suit. In 1875, the probate court of Livingston county attempted to partition the remaining lands between these two boys, John and Samuel, and made a decree setting off the 40-acre piece to John, and the balance unsold of the 75-acre piece, which includes the land in controversy here, to Samuel. It is complained by the complainant that, while this proceeding was insufficient to convey the title, yet it was accepted by the two boys, and has ever since been acquiesced in by them as a valid proceeding to convey title. John moved upon his part, and after becoming of age sold it in 1877, and received all the consideration therefor, and the purchaser subsequently obtained a deed from Samuel of all his interest therein. After the attempted partition, the father, George H. Tuttle, continued to live in the house on Samuel's part of the land, Samuel remaining with him.

On November 7, 1877, Ira Brayton procured a deed to be executed and delivered to himself by Samuel Tuttle and John Tuttle of the lands so partitioned to Samuel. This deed Brayton caused to be recorded in the office of the register of deeds of Livingston county, on November 15, 1877. It is alleged by the bill, and claimed, that at the time of the execution and delivery of this deed, Samuel Tuttle was a minor, under the age of 21 years, and that said deed was procured by said Brayton, he well knowing that Samuel was under the age of 21 years, and that no consideration was ever paid to Samuel, but that whatever was paid went into the hands of the father of Samuel. It is further claimed that Samuel and John were brought up by their father in ignorance, and without any education, so that, at the time of execution of the deed to Brayton, Samuel did not know and could not state his age; that afterwards, and in 1883 or 1884, Samuel made a visit to his old home in Allegan county, and there learned for the first time the date of his birth, and then for the first time learned that he was under the age of 21 years at the time of the execution and delivery by him of the Brayton deed, and without delay he served upon Brayton a written notice revoking the deed. On February 14, 1888, Samuel conveyed his interest in the land to complainant, Rubert, taking from Rubert a contract to pay over to him the sum of $200, on condition that Rubert succeeded in setting aside the Brayton deed, and quieting the title to the lands. The other parties are made defendants by reason of some interest claimed by them in the premises. The complainant claims to have been in the actual possession of the premises at the time of filing his bill.

The defendants set up several grounds of defense. It is claimed that Samuel was 21 years of age at the time of the execution of the deed, or that, if he was not of

age at that time, he is now estopped from setting up any claim to the lands by reason of his ratification of the sale after he became of age; that Brayton acted in good faith in making the purchase, and in the belief that Samuel was of full age at the time of the execution and delivery of the deed, and that he paid $1,000 for the land, which was its full and fair market value at that time. It is further claimed by the defendants that Ira Brayton after his purchase went into actual possession and occupancy of the premises, made valuable improvements thereon, and cultivated the premises for more than ten years, when, on account of his age and feebleness, he went to live with his son in Barry county, leaving the premises in care of a Mr. Allen, who lived across the road from the premises; that he left in the house considerable household furniture, and considerable personal property in the barn on the premises; that complainant soon thereafter obtained a deed from Samuel, and on Sunday broke into the house, and put a stranger in possession, as tenant under him, and who now holds forcible possession, and maintains it with guns and revolvers, for the purpose of filing this bill to quiet title, and to avoid a suit at law.

The testimony in the case was taken in open court before the Honorable William Newton, circuit judge, who on the hearing made a decree dismissing the complainant's bill. The complainant appeals.

The record contains over 300 pages of printed matter. It would be useless to attempt to set out the testimony. The whole of the questions presented are purely of fact, and from which we find—

1. That Samuel Tuttle was not of age at the time of the execution and delivery of the deed to Ira Brayton.

2. That since Samuel became of age he has accepted a part of the proceeds of the sale of the lands in question,

and has acquiesced in and ratified the sale and conveyance thereof.

3. That the complainant took and maintains forcible possession of the lands in controversy, and for the purpose of filing this bill to quiet title, and avoid a suit at law, and is not therefore in a position to maintain the bill.

We need not discuss these propositions at length. A large mass of testimony was taken as to the exact date of the birth of Samuel Tuttle. This question becomes one of no importance from the after conduct of Samuel, and after he knew of the exact time of his arriving at full age; but, aside from these considerations, it is quite evident that the complainant bought upon a speculation, and was to pay nothing unless he succeeded. In order to avoid a suit at law, he went into possession, with knowledge of the fact that the defendant Ira Brayton had not abandoned the premises, and that he was holding them by the tenant, Mr. Allen. The complainant could not therefore force himself into possession, and then file his bill, and ask the aid of a court of equity to quiet his title and assist him in his wrongful holding. The decree of the court below was right, and must be affirmed, with costs.

The other Justices concurred.