[No. 13112.   Department Two. — September 26, 1891.]

## J. McGOVERN et al., Respondents, v. GEORGE B. MOWRY, Appellant.

Quieting Title — Possession of Plaintiff — Action against Trespasser. — The actual possession and occupation of land under claim of ownership for any period is sufficient to enable the party in possession to maintain an action to quiet title as against a trespasser or one who establishes no title in himself.

Id. — Prima Facie Evidence of Seisin in Fee. — The possession of real estate is *prima facie* evidence of a seisin in fee.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

. The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellant.

To make out a prescriptive title to the land described in the complaint, it was incumbent upon the plaintiffs to show that they had complied with the provision contained in section 325 of the Code of Civil Procedure. (*Unger* v. *Mooney,* 63 Cal. 586; 49 Am. Rep. 100; *Reynolds* v. *Willard,* 80 Cal. 605.) The possession of land owned by another, not accompanied by any claim of ownership, express or implied, will never ripen into title, however long continued. (*Harvey* v. *Tyler,* 2 Wall. 328; Angell on Limitations, sec. 390; *Carrol* v. *Gillion,* 33 Ga. 547; *Fugate* v. *Pierce,* 49 Mo. 447; *Turpin* v. *Saunders,* 32 Gratt. 34; *Humbert* v. *Trinity Church,* 24 Wend. 586; *Kimball* v. *Lohmas,* 31 Cal. 159; *Lovell* v. *Frost,* 44 Cal. 471; *Thompson* v. *Pioche,* 44 Cal. 517; *Mauldin* v. *Cox,* 67 Cal. 392.)

*Page & Eells,* for Respondents.

Actual possession under claim of ownership is sufficient evidence of title in the plaintiff as against a trespasser or one who establishes no title in himself. (Code Civ. Proc., sec. 1963; Civ. Code, sec. 1006; *King* v. *Gotz,* 70 Cal. 240. See also *Pierce* v. *Stuart,* 45 Cal. 280; *Niag-*

*ara Cons. G. M. Co.* v. *Bunker Hill Cons. Mining Co.,* 59
Cal. 612; *Pierce* v. *Felter,* 53 Cal. 18; *Pralus* v. *Pacific G.
& S. M. Co.,* 35 Cal. 34; *Smith* v. *Brannan,* 13 Cal. 114;
*Crook* v. *Forsyth,* 30 Cal. 662; *Horn·* v. *Jones,* 28 Cal. 203.)

SHARPSTEIN, J. — This is an action to quiet title to
certain lands in the Laguna Survey, in San Francisco.
Several defendants were sued, but only one defendant,
George B. Mowry, appeals. His answer denied the
plaintiffs' title, and set up title in himself. The find-
ings of the court are in favor of plaintiffs on all the
issues, and the appellant attacks them upon the two very
material grounds, — " 1. That there was no evidence that
plaintiffs were the owners of the land; and 2. That the
evidence established the defendant Mowry to be the
owner."

The evidence for plaintiffs establishes that they are
husband and wife; that they inclosed the land in ques-
tion with a substantial fence about March 1, 1882, and
used it as a pasture until 1886, when they built a dwell-
ing-house upon it, and have ever since resided there;
that they filed a declaration of homestead upon the
property in 1886; that a deed from the city under the
Van Ness ordinance was made to them in 1883, and that
their possession has been exclusive and undisturbed
under claim of title since March, 1882. The suit at bar
was begun on August 17, 1887. The alcalde grant cov-
ering the lot in question was executed on September 25,
1848, to one Stephen A. Harris, and no deraignment of
title from Harris was shown by either party, except so
far as it is to be presumed from plaintiffs' occupation of
the land. Counsel for appellant claims that the proof
of plaintiffs' title is insufficient, because the Van Ness
ordinance deed is inoperative, owing to the previous al-
calde grant, and because plaintiffs have not established
a title by prescription, owing to the fact that they had
not paid taxes upon the property for the full term of five
years before the commencement of the action. His con-
tention is, that it is incumbent upon the plaintiff in a

suit of this character to establish a perfect title of record or by prescription, whether the defendant has any title or not, and that on the failure of such proof by the plaintiff, the action should be dismissed.  Counsel for respondents claim, on the contrary, that actual possession under claim of ownership is sufficient evidence of title in the plaintiff as against a trespasser or one who establishes no title in himself.

Section 1006 of the Civil Code provides that "occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession."

"The possession of real estate is *prima facie* evidence of the highest estate in the property, to wit, a seisin in fee."  (*Hill* v. *Draper*, 10 Barb. 458.)

The plaintiff was in the actual possession and occupation of the premises at and for a long time before the commencement of this action.  This was sufficient to enable him to maintain an action to quiet title against any one who, like defendant, never had any title, but who claimed to have title to the premises.

Judgment and order affirmed.

De Haven, J., and Harrison, J., concurred.

Hearing in Bank denied.