[L. A. No. 2083. In Bank.—June 30, 1909.]

J. E. MORRIS, Appellant, v. GLADYS M. CLARKIN et al., Defendants; A. LUNNUN, Respondent.

QUIETING TITLE—ACTUAL POSSESSION BY PLAINTIFF SUFFICIENT TO SUPPORT ACTION—NONSUIT.—In an action to quiet title to land, actual possession thereof by the plaintiff for any period, under claim of ownership, is sufficient evidence of title in the plaintiff to support the action, as against a trespasser or one who establishes no title in himself. And upon the plaintiff's showing such possession, it is error to grant a nonsuit at the instance of a defendant who offered no evidence of any title or right of possession in himself.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, and E. C. Bower, for Appellant.

Haas, Garrett & Dunnigan, for Respondent.

SLOSS, J.—Action to quiet title to lot 178 of the Wingerter tract, in the city of Los Angeles. The defendant Lunnun appeared and filed an answer denying all the material allegations of the complaint. On a trial before the court sitting without a jury, the defendant, at the close of plaintiff's testimony, moved for a nonsuit, which was granted. Judgment in favor of defendant was entered, and plaintiff appeals.

It was stipulated that in September, 1889, one Francis Morris was the owner of the property in controversy, and that he then conveyed it to the defendant Gladys M. Clarkin. In May, 1895, the plaintiff obtained a deed to the same property from Francis Morris. His effort at the trial was to show that he had, from and after the receipt of this deed, maintained adverse possession of the premises, coupled with payment of all taxes levied and assessed upon the land (Code Civ. Proc., secs. 323, 325) for such period of time as to vest the title in him. The form of possession relied on was that defined in subdivision 2 of section 323, and subdivision 1 of section 325 of the Code of Civil Procedure,—viz.: protection by a substantial inclosure. The respondent's contention, sustained by the court, was that the evidence failed to show that the land had, for a continuous period of five years prior to the commencement of the action, been "protected by a substantial inclosure." The evidence regarding this matter was not as clear and satisfactory as might have been desired. The plaintiff showed that for some period of time, he had inclosed the land by a fence, consisting of two horizontal 1 x 3-rails, nailed to posts set in the ground at distances of from six to ten feet apart. Laths were nailed vertically to these rails. It is not questioned that, so long as the component parts of the fence remained in position, the fence constituted a "substantial inclosure." It appears, however, that the laths had repeatedly been torn off, and that, for some years, they had, from time to time, been replaced by plaintiff. Whether or not the evidence would have justified a finding that a sub-

stantial inclosure had been maintained by plaintiff during any consecutive period of five years (coincident with the payment of taxes by him) is a somewhat close question. It need not, however, be here determined.

The respondent Lunnun, the only party appearing in the court below in opposition to plaintiff, did not in any way connect himself with the title to the property. The stipulation of the parties shows a conveyance from the original owner to Gladys M. Clarkin, and leaves the ownership in her. So far as the evidence goes, Lunnun is an entire stranger to the title. Actual possession for any period, under claim of ownership, is sufficient evidence of title in plaintiff as against a trespasser or one who establishes no title in himself. (*McGovern* v. *Mowry,* 91 Cal. 383, [27 Pac. 746]; Civ. Code, sec. 1006.) The evidence above recited is clearly sufficient to support a finding that, for some time at least, the plaintiff had been in actual possession of the premises. (*Knowles* v. *Crocker Estate Co.,* 149 Cal. 278, [86 Pac. 715]; *Lofstad* v. *Murasky,* 152 Cal. 64, [91 Pac. 1008].) Since the defendant Lunnun did not go forward and show any title in himself, he was not entitled to a nonsuit.

The judgment is reversed.

Shaw, J., Angellotti, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.