[S. F. No. 5752. Department One.—April 3, 1912.]

## GEORGE M. DAVIS, Appellant, v. J. C. CRUMP et al., Respondents.

PRACTICE—NONSUIT—SUFFICIENCY OF EVIDENCE TO PRECLUDE GRANTING. —A motion for a nonsuit should not be granted where the plaintiff's evidence is such, if the case had gone to a jury on that evidence, and a verdict had been rendered for him, the evidence would be held sufficient to support the judgment upon the verdict. The rule is the same, whether the trial is by the court or by a jury.

ID.—ACTION TO QUIET TITLE—PRIMA FACIE CASE AS TO PORTION OF LAND—GRANTING NONSUIT ERRONEOUS.—If the plaintiff either in an action of ejectment or to quiet title makes out a *prima facie* case as to a part only of the land claimed, it is error to grant a motion for nonsuit not limited to the particular portion as to which no case has been made.

ID.—POSSESSION NOT ESSENTIAL TO ACTION TO QUIET TITLE—ALLEGATION OF OWNERSHIP SUFFICIENT.—In an action to quiet title under section 738 of the Code of Civil Procedure, no allegation of possession of the land in question is essential. The action may be maintained by a person whether in or out of possession, and an allegation in the complaint that the plaintiff is "the owner in fee" of the premises is a sufficient statement of his right to maintain either that action or ejectment.

ID.—PRIMA FACIE CASE OF OWNERSHIP—EVIDENCE OF ACTUAL POSSESSION AT COMMENCEMENT OF ACTION—PLEADING OWNERSHIP WITHOUT POSSESSION.—In such an action, it was incumbent upon the plaintiff, in order to put the defendants to their proof, to make out a *prima facie* case of ownership, but no more was required of him. This requirement was met by uncontroverted evidence that at the time the action was commenced, the plaintiff was in the actual possession of the land. The fact that he simply alleged ownership, without in terms alleging possession, did not restrict his proof of ownership to evidence of a paper or record title.

ID.—ACTUAL POSSESSION SUSTAINS FINDING OF OWNERSHIP AGAINST
    CLXII Cal.—17

Stranger to Title.—As against an entire stranger to the title, actual possession of land has uniformly been held, both in ejectment and actions to quiet title, to make out a *prima facie* case, sufficient to sustain a conclusion of ownership.

Id.—Inclosure by Wire Fence — Adverse Possession — Claim of Ownership—Sufficient Evidence of Actual Possession.—Evidence that the plaintiff, less than two days prior to the commencement of the action to quiet title, inclosed the greater portion of the land in question in two separate parcels by the construction of substantial five-strand barbed wire fences, with redwood posts, twelve or fourteen feet apart, making two complete inclosures, and thenceforth claimed to be the owner of the property so inclosed, is sufficient to show an adverse possession, within the meaning of section 325 of the Code of Civil Procedure, and to support a conclusion of actual possession of the inclosed portions on the part of the plaintiff, and, in the absence of any evidence of possession thereof by the defendants or other persons, precluded the granting of a nonsuit as to the portions actually inclosed.

Id.—Possession Taken in Anticipation of Action.—The fact that the plaintiff's possession was taken by him in contemplation of the action to quiet title less than two days before the commencement thereof, and with a view to the possible advantage to be obtained by him by being in possession at the time of the commencement of the proposed action, does not detract from the effect of his actual possession at the commencement of the action, as *prima facie* evidence of title in him as against third persons who are not shown to have any interest in the property or to have ever been in possession of any portion thereof.

APPEAL from a judgment of nonsuit of the Superior Court of Alameda County. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Milton Shepardson, for Appellant.

Robert H. Countryman, H. L. Breed, Benj. R. Aiken, F. J. Solinsky, S. W. Molkenbuhr, Reed, Black & Reed, J. W. Bingaman, Edward W. Engs, Geo. E. Samuels, Mervyn J. Samuels, Irving Magnes, J. J. McDonald, Johnson & Shaw, Lilienthal, McKinstry & Raymond, L. Oppenheimer, Fitzgerald & Abbott, Pierre A. Fontaine, Cooper, Gray & Cooper, F. W. Shay, John T. Pidwell, Ben F. Woolner, Wm. H. O'Brien, T. J. Lyons, Cullinan & Hickey, and George Lull, for Respondents.

ANGELLOTTI, J.—This is an action to quiet plaintiff's alleged title in fee to a tract of land containing some 16.75 acres described in the complaint as being situate in the county of Alameda, state of California, and sufficiently shown by the evidence to be in the city of Oakland in said county. There were exceeding one hundred defendants. The defendants answered, setting up their respective claims. At the trial, plaintiff having introduced his evidence and rested, a motion for a nonsuit, based upon seventeen grounds, was granted. Judgment of nonsuit was thereupon given. This is an appeal by plaintiff from such judgment.

The rules applicable in determining the question of the correctness of a ruling granting a nonsuit are well settled in this state. As was said in *Freese* v. *Hibernia Savings & Loan Society,* 139 Cal. 392, 394, [73 Pac. 172] : "It is not disputed, and cannot well be under the decisions, that a motion for a nonsuit should not be granted where plaintiff's evidence is such, if the case had gone to a jury on that evidence, and a verdict had been rendered for him, the evidence would be held sufficient to support the judgment upon the verdict. The rules as to nonsuit are the same, whether the trial is by the court or by a jury." (See, also, *Goldstone* v. *Merchants etc. Co.,* 123 Cal. 625, [56 Pac. 776].) In determining whether a nonsuit should be granted, all the evidence in favor of the plaintiff must be taken as true and all evidence in conflict therewith disregarded, "every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence produced must be considered as facts proved in favor" of the plaintiff, and where the evidence is fairly susceptible of two constructions, or if either of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. If with all these aids the evidence is in such condition that a verdict or decision in favor of the plaintiff would be held by an appellate court to have sufficient legal support in the evidence, a nonsuit should not be granted. (See *Estate of Arnold,* 147 Cal. 583, [82 Pac. 252], and cases there cited.) It is also to be borne in mind that if the plaintiff either in an action of ejectment or to quiet title makes out a *prima facie* case as to a part only of the land claimed, it is error to grant a motion for nonsuit not limited to the particular portion as to which no case has been made. (See *Wright*

v. *Roseberry,* 81 Cal. 87, 92, [22 Pac. 336]; *Wolfskill* v. *Mala-jowich,* 39 Cal. 276; *Peterson* v. *Gibbs,* 147 Cal. 1, 5, [109 Am. St. Rep. 107, 81 Pac. 121].)

The real claim in support of the ruling of the trial court is that plaintiff failed to sufficiently show any title in himself as to any part of the land.

The plaintiff did not in terms allege that he was in possession of any part of the land, his allegation in this regard being simply that he "is now and at all the times herein mentioned was the owner in fee of all that certain lot, piece or parcel of land" etc. No allegation of possession was essential, however, in view of the fact that our statute (Code Civ. Proc. sec. 738) authorizes the maintenance of an action of this character by any person, whether in or out of possession. The allegation that plaintiff is "the owner in fee" was a clear and unqualified allegation of a seisin in fee in "ordinary language" (see *Payne* v. *Treadwell,* 16 Cal. 244), and is a sufficient statement of the right of a plaintiff in either ejectment or an action to quiet title. The decisions upon this point are many and the rule is thoroughly established. (See *Payne* v. *Treadwell,* 16 Cal. 244; *Garwood* v. *Hastings,* 38 Cal. 216; *Heeser* v. *Miller,* 77 Cal. 192, [19 Pac. 375]; *Souter* v. *Maguire,* 78 Cal. 543, [21 Pac. 183]; *Johnson* v. *Vance,* 86 Cal. 128, [24 Pac. 863]; *Castro* v. *Barry,* 79 Cal. 447, [21 Pac. 946]; *Riverside etc. Co.* v. *Jensen,* 108 Cal. 146, [41 Pac. 40].) It was incumbent upon plaintiff, of course, in order to put defendants to their proof, to make out a *prima facie* case of ownership, for learned counsel for defendants are undoubtedly right in their contention that a plaintiff can recover judgment in this character of action only upon the strength of his own title, and that if he shows no title it is unnecessary to inquire into a defendant's rights. But all that was necessary for him to do in order to put defendants to the necessity of meeting his claim was to present such evidence as would make out for him a *prima facie* case of ownership. We can see no force in the claim that by reason of the fact that he simply alleged ownership, without in terms alleging possession, he was restricted to evidence of a paper or record title.

Plaintiff's only proof of ownership of the legal title was such as tended to show actual possession of the greater part of the property at the time of the commencement of the action.

A quitclaim deed of the premises bearing date December 23, 1909, purporting to be the deed of the Oakland Prospect Homestead Association and Charles J. King and J. F. Crosset as the sole surviving trustees or directors of said corporation, and of Charles J. King and J. F. Crosset as individuals, to plaintiff, delivered to him on January 3, 1910, was introduced in evidence as the individual deed of Messrs. King and Crosset. There was nothing to show legal title to any interest in this land at any time in either King or Crosset. But there was absolutely nothing in the evidence tending to show that any of the defendants ever had any interest, legal or equitable, in any of the land, and so far as the land actually inclosed by plaintiff's fences is concerned, which will be referred to hereafter, nothing to indicate any prior possession on the part of any of the defendants except in so far as a "real estate sign" indicating one Cameron as an owner of some indefinite portion of the property was on the land. Whether this was the Cameron who was named as a party defendant, but who apparently did not appear in the action, is not shown. There were some ten or fifteen other "real estate signs" on various portions of the property at the time plaintiff took possession, but what they indicated as to ownership, if anything, did not appear. There were also in one place the remnants of an old fence, a few posts and old wires, but by whom constructed or originally maintained does not appear, and there was nothing to indicate any existing inclosure of any portion of the property involved in the action. There was an occupied dwelling-house on the property, but no connection is shown between the occupant of this house and any of the defendants and the ground upon which the same stood was not inclosed by plaintiff's fence, but was intentionally omitted from any taking of actual possession by him. There was also a dwelling-house in course of construction on another part of the land, but there is nothing to indicate that any of the defendants had any interest in the land upon which the same was being constructed. Whether this was included in plaintiff's inclosure did not clearly appear, but the matter is not of any particular importance. We have said this much to make it clear that at the time of the granting of the nonsuit, there was nothing tending to show that any of the defendants had any interest in the property or had ever been in possession of any part

thereof, and that it must be held, so far as this appeal is concerned, that they each and all occupy the position of strangers to the title. There was no such admission on the part of plaintiff on the trial as would warrant a different conclusion. Under the circumstances, there can be no doubt that in so far as plaintiff showed actual possession of the property at the time of the commencement of his action, he made a *prima facie* case of ownership against the defendants, unless the evidence given was such as to compel the conclusion, in view of the rules we have already referred to as applicable on a motion for nonsuit, that, notwithstanding such possession, he had no interest therein.

Learned counsel for defendants claim, as we have already indicated, that proof of actual possession is not sufficient to make out a *prima facie* case of ownership in an action to quiet title, and especially under such allegations of title as we have in the complaint before us. The contrary is thoroughly established by the decisions in this state. We have already shown that under such allegations as are presented, the plaintiff was entitled to prove ownership by any evidence competent for that purpose. It is declared by our statutory law to be presumed "that things which a person possesses are owned by him," and "that a person is the owner of property from exercising acts of ownership over it." (Code Civ. Proc., sec. 1963, subds. 11 and 12.) These provisions are in accord with the settled law everywhere, and while such presumptions are disputable and may be controverted by other evidence, they afford full and sufficient evidence of ownership of land unless controverted (Code Civ. Proc., sec. 1961). As against an entire stranger to the title, actual possession of land has uniformly been held, both in ejectment and actions to quiet title, to make out a *prima facie* case, sufficient to sustain a conclusion of ownership. (See *Zilmer* v. *Gerichten*, 111 Cal. 73, [43 Pac. 408]; *McGovern* v. *Mowry*, 91 Cal. 383, [27 Pac. 746]; *Morris* v. *Clarkin*, 156 Cal. 16, [103 Pac. 180]; *Leonard* v. *Flynn*, 89 Cal. 543, [23 Am. St. Rep. 500, 26 Pac. 1097]; *Sepulveda* v. *Sepulveda*, 39 Cal. 13. See, also, *Tate* v. *City of Sacramento*, 50 Cal. 242; *Scorpion S. M. Co.* v. *Marsano*, 10 Nev. 378.) In the last case cited, an action to quiet title, an allegation of present possession in plaintiff was not denied by the answer, and it was said through Beatty, J.,

"that the burden is upon the defendant, if he admits plaintiff's possession, or does not disclaim, to plead and prove a good title in himself." In *Sepulveda* v. *Sepulveda*, 39 Cal. 13, an action to quiet title, it was said that if the plaintiff showed possession, she should not have been nonsuited, even if she had attempted to show paper title in herself and had failed, for the deeds read in evidence did not show any title in the respondent, "and until their title was in some way made to appear, the appellant might rest safely upon the mere fact of her possession of the lands and the presumptions arising therefrom in her favor." In *McGovern* v. *Mowry*, 91 Cal. 383, [27 Pac. 746], an action to quiet title, it was held, after quoting section 1006 of the Civil Code, that actual occupancy and possession of the premises at the time of the commencement of the action is sufficient evidence of ownership as against "one who, like defendant, never had any title, but who claimed to have title to the premises." In *Morris* v. *Clarkin*, 156 Cal. 16, [103 Pac. 180], an action to quiet title, a judgment of nonsuit was reversed, the court saying: "So far as the evidence goes, Lunnon is an entire stranger to the title. Actual possession for any period, under claim of ownership, is sufficient evidence of title in plaintiff as against a trespasser or one who establishes no title in himself." In *Zilmer* v. *Gerichten*, 111 Cal. 73, [43 Pac. 408], which was an action in ejectment, a judgment of nonsuit was reversed, one of the grounds being that even if plaintiff had failed to show a paper title as attempted, he had shown prior actual possession of the property, while there was nothing to show prior possession in defendants, or that they had any kind of title, and that this was enough to constitute *prima facie* evidence of title in plaintiff. The court also said: "A nonsuit should be denied when there is any evidence tending to sustain plaintiff's case, without passing upon the question as to the sufficiency of such evidence." There is absolutely nothing in our decisions in conflict with these views, which may properly be said to state simply elementary propositions. There is nothing in *McGrath* v. *Wallace*, 85 Cal. 622, [24 Pac. 793], an action to quiet title, in conflict therewith. There the plaintiff did not show possession at the time of the commencement of the action, but alleged in her complaint that the defendants were then in possession. It was said that "a complaint *quia timet*, count-

ing upon title alone, as this one does, is not supported by evidence of *prior possession* insufficient to make title under the statute of limitations." (The italics are ours.) The distinction between that case and those we have cited is obvious.

There can be no doubt that the evidence was sufficient to support a conclusion that plaintiff did take actual possession of the greater portion of the property described in the complaint under claim of title in himself thereto on January 8, 1910, and did remain in such possession thenceforth. This action was commenced January 10, 1910. During the afternoon of January 8, 1910, between about 1:30 and 6:30 P. M. he inclosed such greater portion of the property in two separate parcels by the construction of substantial five-strand barbed wire fences, with redwood posts, twelve or fourteen feet apart, making two complete inclosures. It cannot well be claimed that these two parcels were not thenceforth each protected by a substantial inclosure (maintained by him), to an extent sufficient to satisfy the requirements of section 325 of the Code of Civil Procedure, as to the kind of possession essential to an adverse possession. Plaintiff thenceforth claimed to be the owner of such property so inclosed. This was sufficient to support a conclusion of actual possession of the inclosed portion on the part of plaintiff. (*See Morris* v. *Clarkin,* 156 Cal. 16, 18, [103 Pac. 180; *Knowles* v. *Crocker Estate Co.,* 149 Cal. 279, 283, [86 Pac. 715] ; *Brumagim* v. *Bradshaw,* 39 Cal. 24, 46.) Respondents rely in this behalf upon certain early cases on the question what constitutes such actual possession as was required by the terms of the Van Ness ordinance in San Francisco, such as *Polack* v. *McGrath,* 32 Cal. 15, and *Wolf* v. *Baldwin,* 19 Cal. 308, which cannot be accepted, especially in view of the later decisions, as establishing that a court would not be warranted in holding that one who has by a substantial fence completely inclosed land claimed by him has thereby established actual possession thereof.

It is also to be borne in mind that so far as the evidence shows, none of the defendants had ever been in possession of any portion of the property, and that the evidence was not such as to compel the conclusion that any one at all was at the time of plaintiff's entry in possession of the property that was actually inclosed by him.

But the evidence must be taken as showing without conflict

that plaintiff's possession was taken by him in contemplation
of this action less than two days before the commencement
thereof, and with a view to the possible advantage to be ob-
tained by him by being in possession at the time of the com-
mencement of the proposed action. But we do not see that
this detracts from the effect of his actual possession at the
commencement of the action, as *prima facie* evidence of title
in him as against third persons who are not shown to have any
interest in the property or to have ever been in possession of
any portion thereof. Learned counsel for defendants have
cited some cases from other states as supporting the proposi-
tions that "the possession contemplated by the law is limited
to possession peaceably and rightfully acquired," that "courts
will not assume jurisdiction where the possession was acquired
by use of unfair or corrupt means," and "that possession taken
in contemplation of an action is not sufficient." As we have
seen, there is nothing here to compel the conclusion that the
possession was taken otherwise than peaceably, or that any
portion of the property inclosed was in the actual possession
of any other person at the time. This sufficiently distinguishes
this case from that of *Rubert* v. *Brayton*, 82 Mich. 632, [46
N. W. 935], where the plaintiff, contemplating an action,
forcibly removed the tenant of a claimant in possession and
retained possession by force and arms. Most of the cases
cited by defendants in support of the propositions stated above
were decided under laws making possession by plaintiff at the
commencement of the action essential to the jurisdiction of
the court to entertain the action at all, and there are expres-
sions in some of them tending to support the proposition that
a possession taken for the mere purpose of securing advantage
ground for such litigation, especially when obtained by unfair
means or by force, is not the possession essential to jurisdic-
tion of an action to quiet title contemplated either by the old
equitable rule limiting such action to those in possession, or
by statutes adopting that rule. While much may be said in
support of such a conclusion, it has been distinctly held in this
state under a statute requiring possession as a condition to
the maintenance of such an action, that it is immaterial
how possession was acquired (see *Reed* v. *Calderwood*, 32 Cal.
109, and *Calderwood* v. *Brooks*, 45 Cal. 519), and the same
ruling was made in Nevada in *Scorpion S. M. Co.* v. *Marsano*,

10 Nev. 378, where the court said that it was immaterial if the actual possession was obtained by illegal means, *vi et armis*, the statute making no exception as to the manner in which possession is acquired. But, as we have, by statute, dispensed with the necessity of any possession by plaintiff, as an essential to jurisdiction of such an action, the particular question involved in the cases we have referred to is no longer of importance. We are concerned here solely with the question as to the character of possession essential to constitute *prima facie* evidence of ownership, and we·can see no warrant for holding that the mere fact that the possession was taken by plaintiff only shortly before the commencement of his action, and with a view to the advantage to be derived in such litigation from being in possession, necessarily precludes it from constituting such *prima facie* evidence. It is constantly to be borne in mind that the evidence was not such as to compel the conclusion as matter of law that there was at the time of plaintiff's inclosure, actual possession of any portion of the property inclosed by him by any other person.

We have gone over the evidence word by word to ascertain whether there was anything in the evidence to compel the conclusion as matter of law that notwithstanding plaintiff's actual possession of the greater portion of the land, he nevertheless was not the owner of any interest therein. If such a condition was affirmatively shown by the evidence, doubtless the *prima facie* presumption of ownership arising from mere actual possession should be held to be overcome. (See *Shelton Logging Co.* v. *Gosler*, 26 Wash. 126, [66 Pac. 151].) But we are satisfied that no such effect can be given to such evidence as was actually elicited on the cross-examination of plaintiff and Mr. Shepardson, his attorney, which constitutes the only evidence as to which any such claim could plausibly be made. In fact, learned counsel for defendants do not press any claim of this kind, as we understand their brief.

We are unable to escape the conclusion that as to the property actually inclosed by plaintiff, a sufficient case was made to preclude the granting of a nonsuit for want of evidence of ownership of any interest in plaintiff. If, as is suggested by counsel for defendants, the plaintiff is, as matter of fact, without any interest in the property, and his action was "as bold and brazen a piece of land jumping as appears in the

history of land jumping in this state," it is unfortunate that defendants did not introduce the necessary evidence, which must have been easily procurable, and press the case to a judgment on the merits, thus terminating the litigation, instead of resorting to a motion for a nonsuit, generally a proceeding of the most doubtful expediency for one who is able to prove a good defense on the merits.

We see nothing in other claims made in respondents' brief in support of the action of the trial court in granting the motion for nonsuit. What has been said disposes of the claim made by the seventeenth specification of the motion. The tenth specification referred only to lands lying outside of the plaintiff's inclosure, as to which it may be assumed plaintiff made no case, but, as we have seen, the fact that a plaintiff fails to make a *prima facie* case as to a portion of the land involved does not warrant the granting of a motion for a nonsuit as to the remainder of the property as to which he has made such a case. There was sufficient evidence to support a conclusion that the lands inclosed by plaintiff's fences are a portion of the land described in plaintiff's amended complaint, with the possible exception of a "small portion, northwesterly portion" of one of the inclosures, which, according to the testimony of Mr. Squires, a civil engineer, had been improperly included within plaintiff's fence. But even if we should assume that by reason of the presence in such inclosure of this somewhat indefinite quantity of land not embraced in the description contained in the complaint, as to the ownership of which there is no evidence whatever, except plaintiff's possession, a motion for nonsuit could properly have been granted as to all the land embraced in said inclosure, which of course, is not conceded, it would still remain that the motion should not have been granted as to the other inclosure. No other special ground stated as a basis for the nonsuit requires discussion.

In view of our conclusion that the motion for nonsuit was erroneously granted, it is unnecessary to consider any other question discussed in the briefs.

The judgment is reversed and the cause remanded for further proceedings.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.