GARCÍA, PLAINTIFF AND APPELLANT, *v.* ARGÜESO ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action
for Performance of Contract.

No. 2585.—Decided April 13, 1923.

RECORD OF TITLE—EXTINGUISHED RIGHTS—CANCELATION OF TITLE—PLEADING.—
A complaint which alleges that the plaintiff is the owner of a certain described property and the existence of an adverse right which is recorded but extinguished, with a proper prayer for the cancelation of that record, states facts sufficient to constitute a cause of action.

The facts are stated in the opinion.
Mr. F. González for the appellant.

*Mr. R. Cuevas Zequeira* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.
The court below, after outlining the facts alleged in the complaint, sustained a demurrer thereto for reasons stated as follows:

"Although the prayer of the complaint is for a judgment to the effect that the property is of the exclusive ownership of Pablo Ruiz and that the record appearing in the registry of property in the name of the defendants be cancelled, the action brought is evidently a personal one for the execution of a deed; and more than fifteen years having elapsed from the date on which it might have been brought, to wit, February 12, 1901, the said action is prescribed and, therefore, the complaint does not state facts sufficient to constitute the cause of action asserted.

"The present case falls clearly within the doctrine laid down in the case of Berríos v. Dávila, 28 P. R. R. 769."

Plaintiff declined to amend and appeals from a judgment of dismissal.

Section 282 of the Code of Civil Procedure provides that:

"An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

The case of *Berríos* v. *Dávila*, 28 P. R. R. 769, was purely and simply an action for specific performance to compel the execution of a deed. The prayer neither included nor suggested the possibility of any other or further relief. It may be that the facts alleged might have been regarded as sufficient to constitute an action to quiet title had there been any intimation, however remote, of any such purpose, but that is not the question now before us. The theory of the complaint in the *Berríos Case* is indicated by the argument on appeal as outlined in the opinion.

Some months after the decision in the *Berríos Case* the attorney for plaintiff and appellant therein filed the com-

plaint now under consideration, which presents somewhat similar facts in a very different light.

Here it is alleged that plaintiff is the owner of the land described in the complaint; that the same had been acquired by purchase in the manner likewise specified; that long prior to such acquisition the author of plaintiff's vendors had sold the property in question to Manuel Argueso and Luis Minel; that simultaneously with such conveyance Argueso and Minel executed a private agreement stipulating that in the event of the development of a mine located on the property the said purchasers would recognize in their vendor an interest amounting to 25 percent of the net profits so realized, whether from operation or through the sale of the mine; that thereafter the said Argueso and Minel, together with their vendor, predecessor in interest of plaintiff, executed a public instrument rescinding the private agreement above mentioned and providing that if within a period of two years thereafter Argueso and Minel should not find it desirable to continue with the property, they would re-sell to their said vendor and execute in his favor the proper deed; that at the expiration of the period last mentioned, on February 12, 1901, Argueso and Minel delivered the land to their said vendor, who resumed possession thereof and from that time continued without interruption in the possession thereof to the date of his death; that thereafter first the heirs of the said predecessors in interest and later plaintiff have likewise continued in possession of the said property; that Argueso and Minel never executed the formal instrument of re-conveyance above mentioned, the former having absented himself from the Island and the latter having died upon a date specified in the complaint.

The prayer, as pointed out by the trial judge, is for a decree against defendants adjudging plaintiff to be the sole and exclusive owner of the land in question, and ordering

the cancellation of the entry upon the record in the name of Manuel Argueso and Luis Minel.

In *Arrington* v. *Liscom,* 34 Cal. 365, 94 Am. Dec. 722, it was held, as stated in the syllabus given in the volume last mentioned, that:

"Apparently good record title to land constitutes cloud upon a title thereto which has been subsequently acquired by adverse possession under the statute of limitations, which the possessor is entitled to have removed. And he is not bound to wait until he is attacked before he can reduce the evidence of his title to the form of a permanent record."

In the same case the California Court in disposing of a motion for re-hearing said, among other things, at page 729:

"If the title of Liscom is extinguished, either by the foreclosure already had, or by a twelve years' adverse possession, then his deed, representing an extinct title, gives him no present subsisting right, either in law or equity, and it can only be a shadow, casting its baleful influence upon the title of plaintiff, diminishing the value of his estate, and the plaintiff is entitled to have it removed. Conceding plaintiff's legal propositions arising upon the facts averred to be sound, the prayer for relief is appropriate to the case alleged. And he has asked no relief inconsistent with this theory of his case. While the prayer cannot aid in making out a case otherwise defectively stated in the complaint, it may well serve to show what kind of a case the plaintiff supposes he has made, and the kind of relief to which he conceives himself entitled. It may indicate the object which the plaintiff seeks to accomplish."

In cases of this kind a complaint which alleges ownership of the real estate described therein and the existence of an adverse claim thereto, with a proper prayer for relief, would seem to state facts sufficient to constitute a cause of action. See *People* v. *Center,* 66 Cal. 551; *Mining Co.* v. *Mining Co.,* 83 Cal. 589, and *Davis* v. *Crump,* 162 Cal. 513.

It follows that the judgment appealed from must be

*Reversed.*

Justices Wolf and Aldrey concurred.

Chief Justice Del Toro and Justice Franco Soto took no part in the decision of this case.