GARCÍA, DEMANDANTE Y APELANTE, *v.* ARGÜESO ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cumplimiento de contrato.

No. 2585.—Resuelto en abril 13, 1923.

CANCELACIÓN DE TÍTULO EXTINGUIDO — CAUSA DE ACCIÓN — DEMANDA SUFICIENTE.—Una demanda en la cual se alega el dominio de cierta finca que se describe y la existencia de un derecho adverso inscrito pero extinguido, con la debida súplica de que sea cancelada la inscripción del mismo, aduce hechos suficientes para constituir causa de acción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado de los apelados: *Sr. R. Cuevas Zequeira.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La corte inferior después de reseñar los hechos alegados en la demanda declaró con lugar la excepción previa a la misma formulada por las razones que pasamos a transcribir:

''Aún cuando en la súplica de la demanda se pide que se declare que la finca es de la exclusiva propiedad de Pablo Ruiz y que se cancele la inscripción que de la misma aparece en el Registro de la

Propiedad a nombre de los demandados, claramente la acción que se ejercita es una personal sobre otorgamiento de escritura, y habiendo transcurrido más de 15 años desde el día en que pudo ejercitarse, o sea desde el 12 de febrero de 1901, dicha acción está prescrita y por tanto la demanda no aduce hechos suficientes para determinar la causa de acción establecida.''

''El caso presente cae de lleno dentro de la doctrina establecida en el de *Berríos* v. *Dávila,* 28 D. P. R. 821.''

El demandante no hizo enmiendas a su demanda y establece apelación contra una sentencia que declara sin lugar dicha demanda.

El artículo 282 del Código de Enjuiciamiento Civil prescribe lo siguiente:

''Cualquiera persona puede promover una acción contra otra que reclame un derecho o participación en propiedad real que fuere opuesto a dicha acción para el efecto de que se resuelva la contradicción entre ambas.''

El caso de *Berríos* v. *Dávila* fué pura y simplemente una acción para obligar al cumplimiento específico de otorgar una escritura. La súplica no comprendía ni sugería la posibilidad de algún otro o ulterior remedio. Puede ser que los hechos alegados pudieron haberse considerado suficientes para establecer una acción con el fin de resolver cualquier contradicción o defecto en el título, de haber habido cualquier. indicación por remota que fuere de semejante propósito, pero esa no es la cuestión que ahora pende ante nuestra consideración. La teoría de la demanda en el caso de Berríos aparece indicada en la argumentación del caso en apelación como ha sido reseñada en la opinión.

Algunos meses después de la decisión del caso de Berríos el abogado del demandante y apelante en dicho caso radicó la demanda que ahora consideramos, la cual presenta hechos algo semejantes en forma muy distinta.

Se alega en este caso que el demandante es dueño de la finca que se describe en la demanda; que dicha finca fué ad-

quirida por compra en la forma que asimismo se determina; que mucho antes de tal adquisición el causante de los vendedores del demandante había vendido la finca en cuestión a Manuel Argueso y Luis Minel; que al mismo tiempo de tal compraventa Argueso y Minel otorgaron un contrato privado en el cual convinieron que en el caso de llevar a efecto la explotación de una mina que se encontraba en la finca dichos compradores reconocerían al vendedor el 25 por ciento neto sobre los beneficios que de la misma resultaren, bien si ésta se explotare o si fuere vendida; que posteriormente los referidos Argueso y Minel, en unión de su vendedor, causante del demandante, otorgaron una escritura pública . dejando sin valor ni efecto el contrato privado antes, mencionado y convinieron que si dentro del plazo de dos años subsiguientes no convinieren Argueso y Minel continuar con la finca, la pasarían en venta a su referido vendedor a quien otorgarían la correspondiente escritura; que al vencer el término citado últimamente en 12 de febrero de 1901, Argueso y Minel entregaron la finca a su referido vendedor quien tomó posesión material de la misma desde ese día y la vino poseyendo sin interrupción alguna hasta su muerte; que después continuaron en posesión de dicha finca sus herederos y en la actualidad el demandante; que Argueso y Minel en ningún momento traspasaron el título de la finca a que se ha hecho referencia; habiéndose ausentado el primero de la isla y muerto el segundo en la fecha que se indica en la demanda.

La súplica de la demanda, como indica el juez sentenciador, pide que se dicte sentencia en contra de los demandados, declarando que la finca es de la exclusiva propiedad del demandante, y que se cancele la inscripción que de la misma aparece en el registro de la propiedad a nombre de Manuel Argueso y Luis Minel.

En el caso de *Arrington* v. *Liscom*, 34 Cal. 365, 94 Am.

Dec. 722, se resolvió, según consta del sumario del tomo citado en último término, lo siguiente:

"Uu título inscrito de una finca que aparentemente es buena constituye un defecto a un título a la misma que ha sido adquirido subsiguientemente por posesión adversa de acuerdo con el estatuto de prescripción y el poseedor tiene derecho a hacer que desaparezca. Y no está obligado dicho poseedor a tener que esperar a que sea atacado antes de que pueda reducir la prueba de su título a la forma de récord permanente."

En el mismo caso la corte de California al resolver una moción de reconsideración, dijo en la página 729, entre otras cosas, lo siguiente:

"Si está extinguido el título de Liscom, bien por la ejecución que ya ha tenido lugar, o por la posesión adversa de doce años, entonces su escritura que representa un título extincto, no le confiere ningún actual derecho subsistente, ya en ley o en equidad, y sólo puede ser una sombra que ejerce su funesta influencia sobre el título del demandante, reduciendo el valor de su propiedad, y el demandante tiene derecho a hacer que desaparezca. Admitiendo que las proposiciones legales del demandante que surjen de los hechos alegados sean correctas, la súplica de la demanda es adecuada al caso que ha sido alegado. Y el demandante nada solicita en la súplica de su demanda que sea incompatible con esta teoría de su caso. Aunque la súplica no puede auxiliar al presentarse un caso que por otra parte se presenta defectuosamente en la demanda, puede muy bien servir para mostrar qué clase de caso supone ·el demandante que ha probado, y la naturaleza del remedio al cual se considera con derecho. Puede indicar el objeto que el demandante pretende realizar."

En casos como éste, una demanda en la cual se alega el dominio de la propiedad que en ella se describe y la existencia de un derecho adverso sobre la misma, con la debida súplica en que se solicita un remedio, parece especificar hechos suficientes para constituir una causa de acción. Véanse los casos de *People* v. *Center,* 66 Cal. 551, *Mining Co.* v. *Mining Co.,* 83 Cal. 589, y el de *Davis* v. *Crump,* 162 Cal. 513.

Por virtud de lo anterior procede la revocación de la sentencia apelada.

> *Revocada la sentencia apelada y devuelto el*
> *caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

El Juez Presidente Sr. del Toro y el Juez Asociado Sr. Franco Soto no tomaron parte en la resolución de este caso.