[Civ. No. 12731.   First Dist., Div. Two.   Oct. 26, 1944.]

PETE L. PILIONE, Appellant, v. ELIZABETH CONARTY, Respondent.

J. Elwood Andresen and Eugene T. Nebiolo for Appellant.

Walter & Brown for Respondent.

STURTEVANT, J.—Appellant and the respondent were formerly husband and wife.  On March 1, 1935, in action number 134696, brought in the Superior Court of the State of California, in and for the County of Alameda, in which the respondent was plaintiff and appellant was defendant, the respondent was granted an interlocutory judgment and decree of divorce from the appellant on the ground of extreme cruelty.  The decree provided, among other things, that

"plaintiff is hereby awarded the house and lot located at 1346 Washington Avenue, Albany, California." A final decree of divorce was entered in said matter on March 26, 1936.

On April 7, 1943, the appellant commenced this action to quiet his title to the subject matter of this action. The second count of appellant's complaint alleges that appellant has, by himself and his predecessors in interest, been in the actual, exclusive and adverse possession of the property continuously for five years immediately prior to the filing of his complaint, claiming to own the same in fee against the whole world, and has paid all taxes of every kind levied or assessed against said property during the period of five years continuously next preceding the filing of his complaint. The respondent's answer admits all of said allegations with the exception of the payment of taxes. On November 16, 1943, respondent's counsel stipulated in open court that appellant had paid all taxes levied or assessed against said property.

Respondent testified that in 1936, and shortly after the entry of the final decree of divorce she had a conversation with the appellant in which she asked him to move from the property, and that appellant replied the property belonged to him, that he was not moving out for anybody, and that respondent could move in with him if she wanted to. With the exception of the above, the respondent took no steps to obtain possession of the property until after the commencement of this action when, on May 5, 1943, she had appellant cited in the divorce action to show cause why he should not be punished for a contempt. After several continuances, the court found, on August 6, 1943, that the appellant had the ability to pay $375 due in back alimony and children's support and ordered appellant committed until he should pay that sum. On the same day the court set aside its order of commitment and continued the matter for further hearing until August 12, 1943, at which time the contempt hearing was dropped and appellant discharged.

In the case at bar, the trial court found that all of the elements of a title by adverse possession existed in favor of the appellant, but declined to grant him judgment quieting his title on the ground that the failure to surrender possession of the said property during March, 1936, was in contempt of the order in the divorce proceeding awarding the property to respondent and barred him from relief in this action.

Judgment that appellant take nothing by his complaint was entered on February 29, 1944. It is from this judgment that appellant prosecutes this appeal.

In effect the appellant contends that the claimed contempt was *res inter alios* and could not properly be considered in the instant case. The respondent controverts that contention and cites and relies on *Tripp* v. *Superior Court,* 61 Cal. App. 64 [214 P. 252], and *In re Lazar,* 37 Cal.App.2d 327 [99 P.2d 342]. The facts in those cases are altogether different and do not support the contention of the respondent.

The appellant contends that he was entitled to the relief prayed for in his complaint because the contempt did not arise in this action. That contention is clearly sustained by the authorities. In 17 Corpus Juris Secundum 138, section 97, it is stated: "One in contempt may be denied certain favors of court and privileges as a litigant until he has purged himself of the contempt, but the rule is limited to the proceedings in the cause in which the contempt occurred." The author cites several authorities sustaining the text and many others could be cited. No case has been cited to us that is at variance with the text and we have found none. (See *Hovey* v. *Elliott,* 167 U.S. 409, 426 [17 S.Ct. 841, 42 L.Ed. 215].) Looking back over the record it will be observed that when this action was commenced the divorce action had become a finality. In framing his complaint the appellant in no manner presented any issue that was presented in the divorce case. On the contrary he recited and relied on facts all of which have arisen since the entry of the interlocutory decree.

The appellant's complaint stated the ordinary allegations of a complaint to quiet title. (Code Civ. Proc., § 738.) Apparently for the purpose of showing that the appellant's possession was wrongful the respondent introduced in evidence proceedings in the divorce case. That act was not helpful. Whether the appellant's possession was wrongful or otherwise was immaterial. (*Davis* v. *Crump,* 162 Cal. 513, 521 [123 P. 294]; *Calderwood* v. *Brooks,* 45 Cal. 519; *Reed* v. *Calderwood,* 32 Cal. 109; *Depuy* v. *Williams,* 26 Cal. 309, 314; *Scorpion S. M. Co.* v. *Marsano,* 10 Nev. 370.) In the case last cited, on page 378, Mr. Justice Beatty, writing the opinion, stated as follows: "In support of his appeal the defendant argues, that the plaintiff ought not to be allowed to maintain this action because it obtained the possession of the prem-

ises upon which it relies, by illegal means—that is *vi et armis*. But we think this objection cannot be maintained, for if this is an action to remove a cloud upon the title of the plaintiff, possession of the premises is not essential to enable the plaintiff to recover, and if it is an action brought in pursuance of the provisions of section 256 of the Practice Act, the mode of acquiring possession is of no consequence. The statute gives the right of action to any person in possession, irrespective of the mode by which possession has been acquired. We are not authorized to create exceptions, or impose limitations which the statute does not recognize, and can perceive no good end to be subserved by doing so, even if we had the power. The following cases are cited in support of this view: 32 Cal. 109; 45 Id. 519; 26 Id. 314.'' An examination and comparison discloses that the cases cited by Mr. Justice Beatty are the same cases hereinabove cited and relied on by us.

As stated above the findings with reference to the contempt in the divorce action are immaterial. It is therefore ordered that the judgment appealed from be and the same is reversed and the trial court is directed to enter a judgment in favor of the appellant in accord with what we have said.

Nourse, P. J., and Spence, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 21, 1944.