[Civ. No. 2765. First Appellate District, Division Two.—May 16, 1919.]

# CITY OF FORT BRAGG (a Municipal Corporation), Appellant, v. DAVID BRANDON, Respondent.

[1] TRUSTS—POWER OF TRUSTEES TO GIVE AWAY SUBJECT MATTER—TITLE OF DONEE.—Trustees may not give away the subject matter of their trust, nor can a person who acquires trust property without consideration successfully maintain he has a legal right to the property so acquired.

[2] MUNICIPAL CORPORATIONS—GIFT OF FEE IN REVERSION BY TRUSTEES—TRANSACTION AND DEEDS VOID.—A transaction whereby the trustees of a municipal corporation have an understanding with a given individual that upon the pretense of selling certain real property owned by the municipality for a valuable consideration, they will convey title in fee to him, and in lieu of the payment of the consideration, they will immediately take back as a part of the same transaction a limited conditional title, leaving such individual the fee in reversion, is void; and deeds executed and delivered pursuant to such transaction convey no title.

[3] QUIETING TITLE—ADMISSION OF POSSESSION—BURDEN OF PROOF.—Where in an action to quiet title to real property the plaintiff's possession of the property is admitted, the burden is put upon the defendant to plead and prove title in himself.

[4] ID.—CLAIMING TITLE UNDER COMMON SOURCE—PROOF.—Where both parties to such action to quiet title claim under a common source, the plaintiff directly and the defendant by a void deed from the plaintiff, the latter is not bound to prove title in such common predecessor.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Reversed.

The facts are stated in the opinion of the court.

Leonard Stone, City Attorney, and Henry G. Tardy for Appellant.

Mannon & Mannon for Respondent.

BRITTAIN, J.—The plaintiff, city of Fort Bragg, appeals from a judgment against it in a suit to quiet title.

The respondent contends the city's title was equitable only, and, therefore, not sufficient to support a suit to quiet

title. The appellant contends the deed from the city under which respondent claims was void, and, therefore, the legal title is still in the municipality.

The board of trustees of the city of Fort Bragg, incorporated under the Municipal Corporation Act of 1883 (Stats. 1883, p. 93) and amendments thereto, on April 14, 1908, adopted a resolution to sell the land in controversy for ten thousand dollars, gold coin, and to apply the proceeds of the sale to the purchase of a city park. On April 27, 1908, the trustees adopted another resolution reciting the former one and the making of a conveyance under it to the respondent. The second resolution also recited that the president of the board of trustees had received from Brandon the sum of ten thousand dollars, and it purported to authorize the president to purchase for use solely as a city park at a cost not to exceed ten thousand dollars the same land. A deed, referring to the incorporation of the city under the Municipal Corporation Act and to the first of the two resolutions, bearing date April 20, 1908, was made to David Brandon, the respondent. The deed also recited the receipt of ten thousand dollars in gold coin paid by Brandon. It was acknowledged on the same day, but not recorded until May 4, 1908. Under date of April 25, 1908, Brandon by a deed, reciting the payment of ten thousand dollars gold coin to him by the city, purported to convey the property to the municipality upon three conditions —first, that it was to be held without partition or division, to be used permanently as a city park and for no other purpose; second, that the municipality should never give away, sell or otherwise dispose of the property or any part thereof; and, third, upon breach of either of the other conditions that Brandon, his heirs or assigns, might re-enter and possess his former estate. This deed was acknowledged on April 27, 1908. It was also recorded on May 4, 1908, two minutes after the first deed. Both were recorded at the request of W. G. Jones, who was then the city clerk. It was his duty to keep a record of the treasurer's account. The account failed to show the payment of any money by or to Brandon. Brandon testified he paid no money to the city of Fort Bragg, but made his promissory note, which was returned to him when the second deed was made. The city clerk testified he never received the note and the treas-

urer's account made no mention of it. Brandon further testified the note was given and "they could have got the money on it the next day if they wanted it, but, of course, I want to say here, too, that we had an understanding about this thing that they sold me that." In other words, the trustees had an understanding with Brandon that upon a pretense of selling a part of the trust estate for a valuable consideration—ten thousand dollars—they would convey title in fee to him, and in lieu of payment of the consideration, they would immediately take back as a part of the same transaction a limited conditional title, leaving him the fee in reversion. Counsel for the appellant disclaims any intention of charging bad faith to any of the parties to the transaction. [1] Regardless of their actual intentions, it is elementary that trustees may not give away the subject matter of their trust, nor can a person who acquires trust property without consideration successfully maintain he has a legal right to the property so acquired. Under the circumstances the making of the note was a mere disguise of the real understanding between Brandon and the board of trustees. Under the Municipal Corporation Act, the board of trustees had no power to dispose of the municipal property except for the benefit of the city. It had power to construct and maintain parks, and might have done so without the interposition of Mr. Brandon and without giving him a vested reversionary interest in the city's real property. The exchange of conveyances was entirely to the detriment of the municipality and for the benefit of Mr. Brandon. The members of the board of trustees were trustees in fact and in law as well as in name. They had no power to deal with the property intrusted to them for any purpose unconnected with the trust. (Civ. Code, sec. 2229.) Their sole power to convey was limited to the making of a conveyance which should be for the benefit of the city. (Municipal Corporation Act, No. 2348, Deering's General Laws 1915, secs. 750, 764, subd. 2.) A violation of section 2229 of the Civil Code, regardless of any ulterior purpose, constituted a legal fraud upon the municipality. (Civ. Code, sec. 2234.) As the agent of the municipality the board of trustees had no authority to dispose of its property without consideration. (Civ. Code, sec. 2306.) The pretended consideration for the deed to Brandon was never

paid to the city, and no warrant or authorization was ever made for the municipality to pay him. The Municipal Corporation Act provides that the treasurer shall pay out money only on properly signed warrants and that the president shall sign such warrants. [2] The transaction was void. No title passed to Brandon by the first deed and he conveyed none to the municipality by the second. (*McCoy v. Briant,* 53 Cal. 250; *Foxen* v. *Santa Barbara,* 166 Cal. 77, [134 Pac. 1142]; *Central Transp. Co.* v. *Pullman's Car Co.,* 139 U. S. 24, 59, [35 L. Ed. 55, 11 Sup. Ct. Rep. 478].)

On behalf of the respondent it is argued the plaintiff failed to show title in itself, and, therefore, it cannot complain of findings under which the defendant's title was quieted. On the trial there was introduced in evidence the record of a deed from the Union Lumber Company to the city of Fort Bragg, dated in 1894. Counsel for the defendant objected to the admission of this deed in evidence upon the single ground that its acceptance by the city had not been shown. On a statement being made of evidence to be produced to show acceptance, all objection to the deed was withdrawn and counsel for the defendant expressed his satisfaction with the deed. A reading of the entire record leaves no doubt concerning the theory upon which the case was tried and determined. In no way was it suggested in the lower court that Brandon had any rights in the property except those he claimed to have acquired under the deed from the city, and a part of which he undertook to reserve to himself in his reconveyance to the city.

The plaintiff alleged it was, and for twenty years had been, in adverse possession of the land. The suit was commenced in 1917. The defendant denied that the plaintiff's possession had been adverse for twenty years, and alleged "that the plaintiff now is and ever since the twenty-fifth day of April, 1908, has been the owner and in possession of said real property upon the condition (and not otherwise)" that it should be used for a park, and setting out in terms the conditions contained in the deed from Brandon, dated April 25, 1908. The findings follow substantially the allegations of the answer. The deed from the city to Brandon and the conditional deed from him to the city were introduced on behalf of the municipality. No evidence of any other title in Brandon was introduced on his

behalf. As a witness for the city he testified concerning his transaction with the city, and did not suggest that his claims were based upon any other conveyance than 'that from the city. The admission in the answer of the plaintiff's ownership and possession left open only the legal question of the character of the possession, whether adverse or upon condition, and the determination of this legal question depended upon other facts. The only other facts proved were the deed to Brandon and the deed from Brandon. So far as the record shows, Brandon was a stranger to the title unless the city's deed to him conveyed title. The deed, being void, conveyed nothing. **[3]** In such a case the admission of the plaintiff's possession, even though qualified, put the burden on the defendant to plead and prove title in himself. (*Davis* v. *Crump,* 162 Cal. 518, [123 Pac. 294].) In that case the learned chief justice reviewed at length the cases holding that proof of possession is sufficient as against the motion for nonsuit of a defendant who never had any title, but who claimed to have title to the premises. In this case if a motion for nonsuit had been made at the close of the plaintiff's case upon the sole ground that the city had failed to prove title in itself, the motion would have been denied, assuming, of course, the invalidity of the transaction between the board of trustees and Brandon. (*Zilmer* v. *Gerichten,* 111 Cal. 73, [43 Pac. 408]; *McGovern* v. *Mowry,* 91 Cal. 383, [27 Pac. 746]; *Scorpion S. M. Co.* v. *Marsano,* 10 Nev. 378.) As summarized in the opinion in *Davis* v. *Crump, supra:* "In *Sepulveda* v. *Sepulveda,* 39 Cal. 13, an action to quiet title, it was said that if the plaintiff showed possession, she should not have been nonsuited, even if she had attempted to show paper title in herself and had failed, for the deeds read in evidence did not show any title in the respondent, 'and until their title was in some way made to appear, the appellant might rest safely upon the mere fact of her possession and the presumptions arising therefrom in her favor.' " If a motion for nonsuit in the trial court would have been denied under this rule, the same evidence supports the appeal here, which presents only the question of the illegality of the only deed under which the respondent claimed on the trial of the case. If it be suggested that the attempted legal qualification of the character of the admitted ownership and possession of

the plaintiff removes the case from the operation of the rule of *Davis* v. *Crump*, still the respondent must fail in his contention regarding plaintiff's proof of title. The only evidence before the court concerning the defendant's title was that contained in the purported deed from the city. [4] From the record, therefore, in legal effect both parties claimed under the common source of the single deed from the Union Lumber Company, the city directly, and Brandon by the void deed from the city. In such a case the plaintiff was not bound to prove title in the Union Lumber Company, regardless of whether it proved possession or not. (*Phillips* v. *Menotti*, 167 Cal. 328, [139 Pac. 796].) The right of the appellant to be heard in this court may be supported, therefore, upon both and upon either of the grounds, that the attempted qualification of the respondent's admission of ownership and possession presented a question of law, and left the case subject to the rule of *Davis* v. *Crump*, *supra*, and that upon this record the parties claimed under a common grantor, within the rule of *Phillips* v. *Menotti*, *supra*.

The judgment is reversed.

Langdon, P. J., and Haven, J., concurred.