CRAWFORD v. HOPPER.

4-2874

Opinion delivered February 20, 1933.

*M. A. Hathcoat,* for appellant.

*Shinn & Henley,* for appellee.

BUTLER, J. In 1921 Mrs. Grant Crawford died, leaving surviving her husband, the appellant, and three children, a son about four years old, a little girl just younger and a baby boy about seven weeks old. Immediately after Mrs. Crawford's death, Mr. and Mrs. Hopper, at the request of the appellant, moved into his home with the understanding that Mrs. Hopper was to take care of his small children, and she and her husband were to have a home. They lived together under this arrangement for a short time when Mrs. Hopper took the baby and went to Missouri. The appellant had Mr. Hopper arrested charged with kidnapping the baby, but after a time he was released upon the promise that he would secure the return of the child. Hopper then also went to Missouri, but did not bring the child back. The appellant attempted to locate the Hoppers without success until August, 1929, when they returned to Boone County, Arkansas.

Appellant filed a proceeding in the chancery court to obtain the custody of the child, who was then about eight years old. After hearing the evidence, the chancellor made certain findings of fact, in which he recited the testimony tending to show that the mother had before her death given her baby to her sister to be kept by her and reared as her own. He recited other facts which the evidence tended to establish, and concluded that the attempted gift of the child was void, but that under the circumstances the father was not entitled to the exclusive custody of the child. He divided the custody of the child between the Hoppers and the appellant, awarding the care and custody of the child during the time he attended school,—*i. e.,* from September 1st to June 1st, to Mr. and Mrs. Hopper, and for that period from June 1st to September 1st to the father and requiring the expenses of transportation from the home of the

Hoppers to that of the appellant to be borne equally by the appellant and the Hoppers; that Mr. and Mrs. Hopper should execute a bond in the sum of $2,000 obligating themselves to return the infant to the jurisdiction of the court and to perform the judgment of the court at that time or which might thereafter be made.

The order of the court made at its proceedings in August, 1929, was acquiesced in by both parties. The child remained with Mr. and Mrs. Hopper at their home in Muncie, Indiana, where he attended school from September to June, and was then sent each year to his father for the summer vacation. This arrangement continued until some time in August, 1932, when the appellant filed a petition in the Boone Chancery Court asking that the order made in 1929, be modified, and that he be given the exclusive and permanent care and custody of his child. At the hearing, a letter was introduced written by the child to his foster parents in which letter he expressed apprehension that his father was planning not to allow him to return to them in Indiana. The child also stated to the chancellor that he preferred to live with his foster parents. It was shown that Mr. Crawford was a good man, and that there was a good school in his vicinity; that he had remarried, and that he was able to properly care for the child. It was also shown that Mr. and Mrs. Hopper were good people, and that they were not only willing and able to care for the child, but that they had done so all his life and had sent him regularly to a good school, and that at the time of the examination he had advanced to the 6th grade in school; that during all this time, according to the testimony of Mrs. Hopper, which was not disputed, the father had contributed nothing to the support or education of the child.

The conditions had not materially changed since the order of the court in August, 1929, and the chancellor refused to modify that order. On appeal it is insisted that, as a father at common law is the natural guardian of his minor child, he is entitled to its sole care and custody unless it is shown that he is incompetent or unfit

for such duties. A number of our cases are cited in support of this contention, but this rule is not absolute and may be interpreted and inforced by the court placing the interest of the minor as of paramount importance. It is argued by the appellee that, in consideration of all the facts before the court in the *habeas corpus* proceeding first instituted and on the hearing from which comes this appeal, the father had practically abandoned the child and forfeited his right to its custody. We deem it unnecessary to review the facts in detail, for the reason that the chancellor had all the parties and witnesses before him in the two proceedings, which occurred in the county of his residence, and we are not disposed to differ from the conclusions he has reached unless it appears that this action was arbitrary and against the preponderance of the testimony. This we do not find to be the case, and, as he still has jurisdiction in the future to make such orders as equity in the case warrants, his order will be upheld and affirmed.