[Civ. No. 9289. Third Dist. Mar. 5, 1958.]

WILBERT LEE LATHROP et al., Respondents, v. WARREN J. KELLOGG, Appellant.

Bowers & Sinclair for Appellant.

Tindall & Tindall for Respondents.

SCHOTTKY, J.—Defendant, Warren J. Kellogg, appeals from a judgment quieting the title of Warren Lee Lathrop and Mable Lathrop in certain real property located in Placer County.

This action was originally filed in May, 1945. An answer was filed by Kellogg's then attorney on June 3, 1946. The cause was set for trial, after several postponements, on February 25, 1947. At the time the case was called, no appearance was made by Mr. Kellogg or his then attorney, though an associate of Kellogg's attorney appeared and requested a continuance on the ground that the attorney was ill and that the attorney had informed Kellogg that the cause would be continued. The motion for a continuance was de-

nied and the matter was heard as a default proceeding. A notice of judgment in favor of the Lathrops was entered on May 23, 1952. On June 23, 1952, Kellogg filed an affidavit opposing entry of judgment. Judgment was then entered.

In November, 1952, a motion to set aside the judgment was made which was also denied. In February, 1953, Kellogg filed an action in equity to set aside the judgment entered in the quiet title action. This resulted in a judgment in behalf of Kellogg setting aside and vacating the judgment quieting the title of the Lathrops in the property.

As a result the original action was again set for trial. Kellogg then filed a motion for leave to file an amended answer. By the amendment he sought to assert that as a result of the equitable action to set aside the judgment quieting title, the Lathrops were estopped to claim actual possession of the property or that they were entitled to possession, and that as a result of the findings and conclusions of law in the equitable action the doctrine of res judicata applied to certain issues. The court denied the motion to file an amended answer.

The evidence produced at the trial disclosed that in the year 1916 title to the property in question was vested in Ettie A. Sprague. It was stipulated that a Mr. Coquoz was qualified to testify as to the condition of the title, and he testified that after the record disclosed title in Ettie A. Sprague it showed that the next instrument was a tax deed to the State of California dated July 2, 1937, and then a deed from the tax collector to Warren J. Kellogg and Frank R. Kellogg, dated November 14, 1939. The next instrument was a quitclaim deed executed by Ettie L. Sprague, Marian L. Sprague, John H. Sprague, and George P. Low to Wilbert Lee Lathrop and Mable Lathrop, husband and wife. The instrument was signed by Marian L. Sprague, John Sprague and George Low but Ettie L. Sprague's signature was not on the instrument. Mr. Coquoz also testified that there was no record that the interest of Ettie A. Sprague had ever been divested.

A deposition of Marian L. Sprague was read into evidence. This disclosed that Ettie A. Sprague had died in 1936 and that she had two children, George P. Low and Marian L. Sprague, both of whom survived her, and a surviving husband, John H. Sprague, Jr., and that the signatures on the quitclaim deed to the Lathrops are those of the two children and the surviving husband.

The Lathrops offered the tax deeds in evidence but Kellogg

objected to their introduction and the court sustained the objection. This was the extent of the Lathrops' case. Kellogg's motion for a nonsuit was denied.

As a defense to the action Kellogg sought to introduce in evidence the file in the equity action, but the court refused to admit it and Kellogg offered no further evidence. Judgment was then entered in favor of the Lathrops.

Appellant Kellogg contends that it was error to introduce in evidence the deposition of Marian L. Sprague; that the court erred in refusing to permit him to file an amended answer setting up the defense of estoppel and res judicata; and that the evidence was insufficient to support the verdict.

The deposition of Marian L. Sprague was taken in Covina, California. Kellogg's attorney was notified of the time and place of the taking of the deposition but he did not appear. The deposition was delivered to the clerk of the court, unsealed, by the Lathrops' attorney. Leading questions were asked Marian L. Sprague. Appellant Kellogg contends also that the certificate of the notary before whom the deposition was taken did not comply with requirements of the code in that it did not certify that the witness read and corrected the deposition after it was taken.

We believe it was within the trial court's discretion to admit the deposition in evidence. The deposition was taken after notice to the appellant's counsel who chose not to attend. It was signed and certified by the notary before whom it was taken. The court was of the opinion that substantial compliance with section 2032 of the Code of Civil Procedure was had except that it had not been transmitted to the clerk in the manner provided by the code. The court was satisfied that it had not been tampered with or altered in any manner. It has been held that a return of a deposition by a party or his attorney is not objectionable if it be in the condition in which it left the hands of the officer and due proof of that fact is made. (26A C.J.S., Depositions, p. 417.) The document itself would be some evidence that it had not been tampered with and there was no evidence tending to show that it had been tampered with. The other objections raised are technical ones and are matters which are in the main within the discretion of the trial court and in the absence of a showing of an abuse of discretion the court's determination will be upheld. (See 15 Cal.Jur.2d, Depositions, p. 736.)

The second contention is that the trial court erred in not permitting appellant Kellogg to amend his answer to

set up as a defense the findings and conclusions of law in the equitable action to set aside the judgment. Kellogg contends that the findings and conclusions in that action become res judicata as to the issues determined therein. ▇ The granting of an application to vacate a judgment leaves the matter in controversy open for future determination on the merits. (3 Pomeroy, Equity, 5th ed., p. 836.) ▇ The court in its memorandum opinion indicated that the issues were not determined in the equitable action and in such a case the issues would not have been res judicata. In any event the purpose of vacating a judgment is to allow a trial on the merits and the party seeking relief need only show with reasonable certainty that he would prevail in the retrial. If, as claimed, the matter becomes res judicata it would render idle the act of conducting a trial on the merits. (See *Hallett* v. *Slaughter,* 22 Cal.2d 552, 558 [140 P.2d 3] ; *Smith* v. *Busniewski,* 115 Cal.App.2d 124, 130 [251 P.2d 697].) The judgment in the equitable action was not res judicata and the trial court properly refused the amendment to the answer.

▇ Appellant contends also that the evidence is insufficient to sustain the judgment. We do not agree with this contention. It was stipulated that the title to the property was vested in Ettie A. Sprague in 1916. Mr. Coquoz, the searcher of records, testified that the official records showed two tax deeds thereafter, one from the tax collector to the state and one from the state to appellant. However, respondents attempted to introduce these tax deeds in evidence in order to prove their asserted invalidity, but the court sustained appellant's objection to their admission. There was evidence that Ettie A. Sprague died in 1936 and was survived by her husband, a son and a daughter, all three of whom executed a quitclaim deed to the respondents.

We agree with the following quotation from the court's memorandum opinion:

"It is established law that an owner may maintain an action under section 738 of the Code of Civil Procedure to quiet his title against a claim of ownership based upon a void tax deed. (22 Cal.Jur., par. 8, pp. 115, 116; *Dranga* v. *Rowe,* 127 Cal. 506 [59 P. 944] ; *Kittle* v. *Bellegarde,* 86 Cal. 556 [25 P. 55] ; *Thompson* v. *Moore,* 8 Cal.2d 367 [65 P.2d 800, 109 A.L.R. 1027].)

"A prima facie case is established in an action under Section 738 C.C.P. when it is established by plaintiff that he is

the owner of the property and that defendant claims an interest therein adverse to plaintiff's ownership. It has even been held that a plaintiff may make out a prima facie case of ownership by evidence of possession, whereupon the burden shifts to defendant to prove title in himself. (*Davis* v. *Crump*, 162 Cal. 513 [123 P. 294]; *Fort Bragg* v. *Brandon*, 41 Cal.App. 227 [182 P. 454].)

"This rule has been held specifically applicable to quiet title actions wherein the defendant claims under a tax deed. The plaintiff having established ownership to the property, unless the title had become vested in defendant through the tax deed, it then becomes incumbent upon the defendant to establish the validity of the tax deed and his title. (*Jones* v. *Luckel*, 174 Cal. 532 [163 P. 906]; *Strauss* v. *Canty*, 169 Cal. 101 [145 P. 1012]; *Sinai* v. *Mull*, 80 Cal.App.2d 277 [181 P.2d 924].)

"Upon the death of an owner of real property, dying intestate, the title thereto vests immediately in the heirs of the deceased, subject only to administration. (Sec. 300, Probate Code; *Bates* v. *Howard*, 105 Cal. 173 [38 P. 715]; *Martinovich* v. *Marsicano*, 137 Cal. 354 [70 P. 459]; *State of California* v. *Miller*, 149 Cal. 208 [85 P. 609]; *Reinhard* v. *Lawrence Warehouse Co.*, 41 Cal.App.2d 741 [107 P.2d 501]; *Estate of Meyer*, 107 Cal.App.2d 799 [238 P.2d 597].) The heirs of a deceased person may maintain an action to quiet title. (Sec. 581, Probate Code; *Collette* v. *Sarrasin*, 184 Cal. 283 [193 P. 571]; *Wilson* v. *Stoudamire*, 60 Cal.App.2d 642 [141 P.2d 457]; *Reed* v. *Hayward*, 23 Cal.2d 336 [144 P.2d 561].) The right is also extended to a grantee of an heir. (*Jordan* v. *Fay*, 98 Cal. 264 [33 P. 95].)

. . . . . . . . .

"On this phase of the matter, the Court is of the opinion that plaintiffs made a sufficient prima facie case of ownership under section 738 C.C.P. to withstand a motion for nonsuit and to require defendant to proceed with proof of his claim of ownership, particularly in view of the fact that plaintiffs' attempt to show the claimed invalidity of the tax deed was blocked by defendant's own objection."

Appellant contends further that the action was barred by section 175 of the Revenue and Taxation Code which requires that all actions to invalidate a tax deed must be commenced within one year after the execution of said deed. This section is inapplicable if the description of the property found in the state's deed is fatally defective (*Edwards* v.

*City of Santa Paula,* 138 Cal.App.2d 375 [292 P.2d 31]), and since it is a statute of limitations (*Edwards, supra*) it is inapplicable in the present proceedings because it was not pleaded and proved. (31 Cal.Jur.2d, Limitation of Actions, p. 653.)

Appellant's final contention is that the evidence was insufficient to show that the Ettie L. Sprague whose name appears in the quitclaim deed was the Ettie A. Sprague in whom the property was vested in 1916. The deposition disclosed that Ettie Adele Sprague was formerly Ettie Low. She died intestate on January 2, 1936. No probate proceedings were ever had. She left two children and a husband who signed the quitclaim deed to the Lathrops. The deponent said that her mother had owned property in Placer County. This evidence is sufficient to show that Ettie A. Sprague was the same person as Ettie L. Sprague.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.