William Rupert BONDS *v.* Cecil Ruth Bonds
LLOYD

76-345                                        547 S.W. 2d 431

Opinion delivered March 14, 1977
(Division II)

*Bullock & Peel,* for appellant.

*Jon Shermer,* for appellee.

DARRELL HICKMAN, Justice. This child custody case originated in Texas. In 1970 the parties were divorced in Texas and Cecil Ruth Bonds was granted custody of the parties' minor child. In July, 1975, William Bonds went to Texas and brought the child to Arkansas without permission or a court order. William filed a petition for custody in Pope County Chancery Court and Cecil Ruth filed a petition for the return on the child by way of a petition for a writ of *habeas corpus.* The chancellor refused to hear evidence on custody and placed the child with the Arkansas Social Services Department. We reversed the decision and remanded it for trial. See *Bonds v. Lloyd,* 259 Ark. 557, 535 S.W. 2d 218 (1976).

This case was tried on remand and Cecil Ruth was

awarded custody of the child. William appeals alleging two errors: the trial court erred in admitting into evidence a deposition of a Texas social worker, and the court should have granted William custody.

The evidence of the fitness of the two parties for custody of the minor child was about evenly divided. Both parents have shortcomings. William has not supported the child financially and Cecil Ruth has failed at times to provide a clean, wholesome environment for the child. The chancellor, observing the parties and hearing the evidence, decided that the best interests of the child would be to leave him with his mother. She has had custody of the child since birth and visits with the father have been irregular. Custody cases are often bitterly disputed and difficult to decide. We cannot say the court was in error in resolving the disputed evidence and leaving the child with the mother. Both parties have had their personal problems, before and since the divorce. In such cases we will not substitute our judgment for that of the trial court, unless it is arbitrary or against the preponderance of the evidence. *Crawford* v. *Hopper,* 186 Ark. 1098, 57 S.W. 2d 1048 (1933). We cannot say the judgment of the chancellor was arbitrary or against the preponderance of the evidence.

During the trial, a deposition of a Texas social worker was admitted into evidence over the objection of William. Cecil Ruth brought the deposition from Texas and gave it to her lawyer the date of the trial. It was not presented to the clerk sealed as required by Arkansas law. See Ark. Stat. Ann. § 28-352 (f), (Repl. 1962). We have held that a deposition which is unsealed and undelivered to the court clerk is *prima facie* inadmissible. See *Stephenson* v. *Lewis,* 152 Ark. 361, 238 S.W. 61 (1922). In this case, however, Cecil Ruth testified that the document was delivered sealed to her attorney, an officer of the court. She testified that the document had not been tampered with and there is no evidence in the record that would tend to show the document had been tampered with. We simply have the bare objection that the procedure required by the Arkansas law was not followed to the letter. We find that it is a matter of the trial court's discretion to admit a deposition under such circumstances, and we do not find that the court abused its discretion in this case. See

*Lathrop* v. *Kellogg,* 158 Cal. App. 2d 220, 322 P. 2d 572 (1958).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and ROY, JJ.