**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50078 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00475-GHK-1 |
| v. | |
| AVEDIS DJEREDJIAN, | MEMORANDUM* |
| Defendant, | |
| and | |
| ASHKEN DJEREDJIAN, | |
| Claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 4, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant Avedis Djeredjian ("Defendant") was convicted of conspiring to violate the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2342, and for structuring currency transactions to avoid reporting requirements in violation of 31 U.S.C. § 5324.[1]  Ashken Djeredjian ("Petitioner"), Defendant's mother and the occupant of a residence, 1633 Greenbriar Road, Glendale, California ("Greenbriar"), appeals from a summary judgment entered by the district court in favor of the Government as to her third-party petition, which sought to avoid the forfeiture of Greenbriar in satisfaction of a personal money judgment entered against Defendant.  Petitioner complains that the district court improperly determined that: (a) Defendant maintained a forfeitable interest in Greenbriar; (b) Petitioner did not maintain a legal interest in the residence; and (c) absent her own legal interest, Petitioner was not otherwise in a position to challenge the forfeiture of Defendant's property interest.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.[2]

"Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property."  *United States v. Lazarenko*, 476 F.3d 642, 648

---

[1] We have today affirmed those convictions in a separate memorandum.

[2] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

(9th Cir. 2007). "[A] court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture." 21 U.S.C. § 853(n). "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The court shall amend any forfeiture order if a third party establishes she "has a legal right, title, or interest in the property" that "was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property . . . ." *Id.* § 853(n)(6)(A).

Ashken claims a legal interest in Greenbriar as the beneficiary of an oral trust. Under California law, "an oral trust in real property" is enforceable when the trustee recognizes the trust as valid and voluntarily carries out the trust obligations. *See Cardoza v. White*, 219 Cal. 474, 476 (1933); *see also* 13 Witkin, *Summary of California Law*, *Trusts* § 28, at 599 (10th ed. 2012) ("An oral trust in real property is not void, but only unenforceable when its invalidity is urged by the party to be charged. Hence, only the trustee and the trustee's successors may take advantage of the statute [of frauds]" to establish its invalidity.). There is evidence in the

3

record that the trustee willingly performed his duties under the oral trust. Indeed, the only party disputing the existence and timing of the trust is the Government. Accordingly, there are genuine issues of material fact as to whether Ashken has the requisite legal interest in the Greenbriar property under California law, and the district court erred in rejecting her petition on summary judgment.

**REVERSED**.