Filed 1/22/26  Marriage of Rosen CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of ALAN L. and LIZ CANDICE ROSEN. | 2d Civil No. B342240 (Consol. with B347392) (Super. Ct. No. D406611) (Ventura County) |
| ALAN L. ROSEN, Appellant, v. LAUREN ROSEN, et al., Respondents. | |

During their marriage, appellant Alan L. Rosen (husband) and Liz Candice Rosen (wife) conveyed their interest in two properties (the properties) to their adult children, respondents Lauren Rosen (Lauren) and R Rosen (R), hereafter referred to as "the children."  After the conveyance, wife petitioned for dissolution of the marriage.  In the marital dissolution action,

husband filed a complaint against the children. He sought to impose a constructive trust on the properties and to require the children to reconvey them to him and wife.

The trial court sustained Lauren's demurrer to the operative second amended complaint without leave to amend. It subsequently granted R's motion for judgment on the pleadings as to the same complaint without leave to amend. The trial court concluded that the second amended complaint was a sham pleading because it was factually inconsistent with the original complaint.

Husband appeals from the judgments dismissing his action against the children. We affirm.

*Original Complaint*

Husband is a licensed attorney. In August 2023 he filed the original unverified complaint. The complaint alleged three causes of action against the children. The first cause of action sought to impose a constructive trust on two properties: one in Chico (the Chico property) and the other on Brookside Place in Thousand Oaks (the Brookside property).

The first cause of action alleged: wife "demanded that [husband] execute" deeds conveying their interest in the properties to the children "so that in case of a malpractice action [against husband] the children's inheritance would be protected. . . . *The intent of the transfers was for the children to hold, in trust, the parties' interest in the properties until the death of both parties.* The Children paid nothing of value for the transfers." (Italics added.)

Husband and wife executed deeds conveying their community interest in the properties to the children. "To the surprise of [husband, wife subsequently] filed for dissolution of

2

her marriage . . . . The Children have 'sided' with [wife] and are not really on speaking terms with [husband]."

In April 2023 husband "requested that the Children execute Grant deeds to convey the properties back to [him and wife] as [their] community property," but the children refused to do so. The children "should be deemed to hold [the properties] in a constructive trust for the benefit of [husband]." The complaint demanded that the children "be ordered to reconvey the properties" back to husband and wife.

The second cause of action sought to quiet husband's and wife's title to the properties. The third cause of action was for declaratory relief.

*First Amended Complaint*

In October 2023, before the children filed a response to the original complaint, husband filed a first amended verified complaint. The amended complaint consisted of the same three causes of action in the original complaint. The first cause of action (constructive trust) was revised to state: "The intent of the transfers [of the properties] was for the children to hold, in trust, the parties' interest in the properties *until either [husband] or [wife] demanded that the properties be returned to them*. It was the intent that once [husband] began to take less and less clients and, eventually, retire as an attorney the malpractice exposure complained of by [wife] would no longer be an issue, and therefore, title could be placed back into the names of [husband] and [wife]." (Italics added.)

R demurred to the first amended complaint. He claimed it was a "sham pleading changing the former allegation of trust intent to a new intent that the children hold the properties . . .

until either parent asked for them back." He further claimed that the first cause of action was barred by the statute of frauds.[1]

Lauren joined in R's demurrer. In February 2024 the trial court sustained the demurrer to the first cause of action with leave to amend. It overruled the demurrer to the second and third causes of action.

*The Operative Second Amended Complaint*

The second amended verified complaint alleged the same three causes of action. The first cause of action (constructive

---

[1] None of husband's complaints alleged that the terms of the trust were committed to writing. The trust agreement was apparently oral. "An oral trust in personal property is valid and may be proved by parol evidence." (*Estate of Gardner* (2010) 187 Cal.App.4th 543, 552.) On the other hand, "an express oral trust in land would be unenforceable under the statute of frauds." *Quezada v. Hart* (1977) 67 Cal.App.3d 754, 759, fn. 2, disapproved on other grounds in *Pleasant v. Celli* (1993) 18 Cal.App.4th 841, 852; see also *Cardoza v. White* (1933) 219 Cal. 474, 476 ["an oral trust in real property cannot be held wholly void; it is merely unenforceable when, in an action brought to compel performance of its terms, the party to be charged asserts its invalidity"].) But in appropriate circumstances California courts can enforce an oral promise to reconvey real property under the theory of a constructive trust. (*Quezada*, at p. 759.) "The essence of constructive trust in California is that one person has reposed trust and confidence in another and conveyed property or supplied the consideration therefor on the basis of an oral promise to hold the property in trust or reconvey it according to the conveyor's direction. [Citation.] Such a violation of trust supports a conclusion of unjust enrichment." (*Id.*, at p. 760.) A constructive trust "'arises by operation of law, and, accordingly, the statute of frauds is no bar. . . .'" (*Warren v. Merrill* (2006) 143 Cal.App.4th 96, 113.)

trust) was amended to state the following facts: husband and wife executed grant deeds "purporting to transfer 50% of the Brookside property and 100% of the Chico propert[y] to the [children]." Before the transfers, husband and wife "explained to the children that the intent of the transfer[s] was to give [wife] 'peace of mind' that the propert[ies] could be safe from any future creditors (there were none at the time) and that when [wife] and [husband] wanted [them] back the children would give the propert[ies] back when requested. . . . It was made clear that these transfers were not gifts but just something to give [wife] peace of mind. The children represented to [husband and wife] that they understood the nature of the transfers and would agree to transfer the properties back upon demand."

Lauren demurred "on grounds that . . . the entire action is barred by the statute of frauds and is a sham pleading with an ever-evolving story that should at this point be dismissed with prejudice." The trial court sustained the demurrer without leave to amend. It reasoned: "Based on the sham pleading [doctrine], the Court can and does disregard the inconsistent allegations of the first and second amended complaints and takes Judicial Notice of the original complaint. . . . [¶] . . . The original complaint clearly states the intent of the transfers was for the children to hold in trust the parties' interests in both properties until the death of both [wife] and [husband]. Based on these facts, on the face of the complaint there is no basis for any of [husband's] claims against the children/claimants for quiet title or declaratory relief. There was a valid transfer of title. The Court has ruled there is no constructive trust. . . . Accordingly, there are no remaining facts pled to support a cause of action for quiet title or declaratory relief."

5

*Subsequent Proceedings*

In November 2024 husband filed a notice of appeal from the order sustaining Lauren's demurrer without leave to amend. In July 2025 the trial court entered a judgment of dismissal as to the action against Lauren. We deem the appeal to have been taken from the judgment. (See *Chavez v. Alco Harvesting, LLC* (2024) 102 Cal.App.5th 866, 870 ["'Orders sustaining demurrers are not appealable'"].)

In December 2024 R filed a motion for judgment on the pleadings. For the same reasons that the trial court sustained Lauren's demurrer without leave to amend, in June 2025 the court granted R's motion for judgment on the pleadings without leave to amend. It ordered that the action against R be dismissed with prejudice. On July 2, 2025, husband filed a notice of appeal from the court's order.

The register of actions shows that judgment on the pleadings was entered on July 23, 2025. We deem husband's appeal to have been taken from the judgment. (See *Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471, 1476, fn. 4, disapproved on other grounds in *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 135, fn. 3 ["An order granting or denying a motion for judgment on the pleadings is not an appealable order because it is not final, but only a preliminary or interlocutory order. The proper appeal is from an actual judgment"].)

Husband's appeal as to Lauren was assigned case number B342240. His appeal as to R was assigned case number B347392. On October 24, 2025, we ordered the appeals consolidated under case number B342240. We noted: "Case No. B342240 is fully briefed. The parties have stipulated that respondent Lauren Rosen's answering brief in Case

6

No. B342240 shall serve as the answering brief for her and respondent R.  The parties further stipulate that only respondent Lauren Rosen's counsel will participate in any scheduled oral argument."

*Wife's Brief*

Appearing in propria persona, wife filed a 17-page document entitled "Respondent's Response Brief."  Wife stated, "As an In Pro Per, [I] will only be addressing the numerous false statements [husband] made in his Opening Brief."  (Italics omitted.)  Husband argues, "[Wife] has no standing in this appeal, and her brief should be disregarded."  (Bold and Capitalization omitted.)  Husband notes that wife is not a party to his action against the children.  But wife is a party to the marital dissolution action in which husband filed his action against the children.  Wife also has a clear interest in husband's action against the children.

Irrespective of whether wife has standing to file a brief, we disregard her brief because it fails to comply with a fundamental rule of appellate procedure: factual assertions must be supported by citations to the record on appeal, and statements of fact outside of the record will be disregarded.  (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1310 ["a party's brief cannot make arguments that rely on facts . . . outside the record . . . ; statements in the briefs based on such matter are disregarded by an appellate court"].)

*Standard of Review: Demurrer and*
*Motion for Judgment on the Pleadings*

"'In reviewing a trial court's order sustaining a demurrer without leave to amend, we must ask (1) whether the demurrer

7

was properly sustained, and (2) whether leave to amend was properly denied.' [Citation.] The first question requires us to independently examine "'whether [the complaint] alleges facts sufficient to state a cause of action.'" [Citations.] In so doing, we accept as true 'all material facts properly pled' in the operative complaint. [Citation.] We also accept as true all materials properly "'subject to judicial notice,'" and disregard any allegations in the operative complaint inconsistent with the judicially noticed facts. [Citations.] 'The second question "requires us to decide whether ""there is a reasonable possibility that defect [in the complaint] can be cured by amendment."""" (*Smyth v. Berman* (2019) 31 Cal.App.5th 183, 190-191.) "[I]f it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) In attempting to carry this burden, the plaintiff may advance "new theories . . . for the first time on appeal." (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 85.)

'"A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review."' (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.) '"Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion.' . . ." (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.)

*The Sham Pleading Doctrine*

"Under the sham pleading doctrine, plaintiffs are precluded from amending complaints to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers or motions for summary judgment." (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 425.) ""Generally, after an amended pleading has been filed, courts will disregard the original pleading. [Citation.] [¶] However, an exception to this rule is found . . . where an amended complaint attempts to avoid defects set forth in a prior complaint by ignoring them. The court may examine the prior complaint to ascertain whether the amended complaint is merely a sham." [Citation.] . . . Moreover, any inconsistencies with prior pleadings must be explained; if the pleader fails to do so, the court may disregard the inconsistent allegations.'" (*Larson v. UHS of Rancho Springs, Inc.* (2014) 230 Cal.App.4th 336, 343 (*Larson*); accord, *Blain v. Doctor's Co.* (1990) 222 Cal.App.3d 1048, 1058 (*Blain*) ["Where a complaint contains allegations destructive of a cause of action the defect cannot be cured by their omission without explanation in a subsequent pleading"].) "[A]n unexplained suppression of the original destructive allegation will not, in the words of Lady Macbeth, wash out the 'damned spot.'" (*Ibid.*)

"'The rationale for this rule is obvious. "A pleader may not attempt to breathe life into a complaint by omitting relevant facts which made his previous complaint defective."'" (*Berman v. Bromberg* (1997) 56 Cal.App.4th 936, 946 (*Berman*).) The rule applies to both verified and unverified previous complaints. (*Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1109.)

"[The sham pleading doctrine 'cannot be mechanically applied.' [Citation.] It 'is not intended to prevent honest

complainants from correcting erroneous allegations or prevent the correction of ambiguous facts.' [Citation.] Instead 'the rule must be taken together with its purpose, which is to prevent [an] amended pleading which is only a sham, when it is apparent that no cause of action can be stated truthfully.'" (*JPMorgan Chase Bank, N.A. v. Ward* (2019) 33 Cal.App.5th 678, 690-691; see also *Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 751 ["The purpose of the doctrine is to enable the courts to prevent an abuse of process"].)

*The Trial Court Did Not Err in Sustaining the Demurrer and Granting the Motion for Judgment on the Pleadings*

We review de novo the trial court's rulings sustaining the demurrer and granting the motion for judgment on the pleadings. The basis of the rulings was that the second amended complaint was a sham pleading. The original complaint alleged, "The intent of the transfers [of the properties] was for the children to hold, in trust, the parties' interest in the properties until the death of both parties." This is a statement of fact as to the parties' actual intent. They apparently intended to create an irrevocable express trust. The original complaint did not indicate that their intent was for the children to hold the properties in trust until the death of both parents *or* the demand by either parent to reconvey the properties.

"An irrevocable trust is one that may not or may no longer be amended or revoked." (13 Witkin, Summary of Cal. Law (11th ed. 2025) Trusts, § 2(4).) "With the creation of an irrevocable trust, trust beneficiaries acquire a vested and present beneficial interest in the trust property, and their interests are not subject to divestment as with a revocable trust." (*Empire Properties v. County of Los Angeles* (1996) 44 Cal.App.4th 781, 787.)

10

"The five elements required to create an express trust are (1) a competent trustor, (2) trust intent, (3) trust property, (4) trust purpose, and (5) a beneficiary." (*Keitel v. Heubel* (2002) 103 Cal.App.4th 324, 337.) According to the original complaint, the trust purpose was to shield the properties from malpractice claims against husband. The children were the trust beneficiaries. Wife wanted to assure that "the children's inheritance would be protected."

In contrast to the original complaint, husband's second amended complaint alleged that husband and wife explained to the children, and the children understood, that they would be required to reconvey the properties upon demand by husband or wife. In other words, the trust was revocable during the settlors' lifetime. Husband contends, "[R]ead together and drawing all inferences in support of the pleading, the allegations of the original and subsequent complaints establish or mirror an ordinary, everyday, garden-variety inter vivos revocable trust . . . ."

A revocable trust would have frustrated the trust's purpose of protecting the properties against creditors' claims. (See Prob. Code, § 18200 ["If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor"]; *id.*, § 19001, subd. (a) ["Upon the death of a settlor, the property of the deceased settlor that was subject to the power of revocation at the time of the settlor's death is subject to the claims of creditors of the deceased settlor's probate estate and to the expenses of administration of the probate estate to the extent that the

11

deceased settlor's probate estate is inadequate to satisfy those claims and expenses"].)

The second amended complaint provides no explanation for the conflict between its allegations and the allegations of the original complaint as to the nature of the trust. Thus, the trial court did not err in sustaining Lauren's demurrer and granting R's motion for judgment on the pleadings. (See *Larson*, *supra*, 230 Cal.App.4th at p. 343; *Blain*, *supra*, 222 Cal.App.3d at p. 1058.)

*The Court Did Not Abuse Its Discretion in Refusing to Grant Husband Permission to Amend the Second Amended Complaint*

We apply the deferential abuse of discretion standard of review to the trial court's refusal to permit husband to amend the second amended complaint. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) "'A trial court abuses its discretion when its decision exceeds the bounds of reason by being arbitrary, capricious or patently absurd in light of the circumstances. . . .'" (*People ex rel. Elliott v. Kaiser Foundation Health Plan, Inc.* (2024) 105 Cal.App.5th 1114, 1130.) The burden is upon the appellant to establish an abuse of discretion. (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)

Husband has not given a plausible explanation for the conflict between the original and second amended complaints. In his opening brief husband asserts, "The stated intent of [husband's and wife's] real property transfers was . . . to have the Children hold the property in trust . . . until some future event happened." But according to the original complaint, the future event was "the death of both parties," i.e., the death of husband and wife. The children were under no obligation to reconvey the

12

properties to their parents.  Husband acknowledges that, "[i]n the original complaint, [he] alleged the Children were to hold the properties in trust 'until the death' of both [parents]."

Husband argues, "[T]he two allegations of the terms governing the transfers to the children were not inconsistent; the [parents] had reserved the right to ask for the properties back, but if they never exercised that right then the trust would dissolve upon their deaths."  After the dissolution of the trust, "the Children would . . . own the properties outright."  But the original complaint mentioned nothing about the parents' reservation of the right to demand reconveyance of the properties.

Moreover, as explained in the previous part of this opinion (*ante* at pp. 11-12), a revocable trust would have frustrated the parents' objective to shield the childrens' inheritance from creditors' claims.  It is reasonable to assume that, as an attorney, husband was aware of this vulnerability of revocable trusts. Pursuant to Evidence Code sections 459 and 452, subdivision (h), we take judicial notice that the State Bar of California's attorney search website shows that husband's "Self-Reported Practice Areas" are "Trusts & Estates" <https://apps.calbar.ca.gov/ attorney/Licensee/Detail/67328> [as of Nov. 25, 2025], archived at <https://perma.cc/2JR7-RZ9Y>.

"[T]he 'sham pleading rule' should not be applied in a case . . . where the plaintiff seeks to change his legal theory of recovery and the legal conclusions he seeks to draw from underlying factual events, and also seeks to omit factual allegations that are irrelevant and immaterial to the new legal theories asserted."  (*Berma, supra,* 56 Cal.App.4th at p. 949.)  In the second amended complaint, husband did not change his legal

13

theory of recovery (constructive trust) or his legal conclusions. Nor did he omit irrelevant or immaterial facts alleged in his original complaint. Husband's second amended complaint "alter[ed] the fundamental facts upon which the claim was based." (*Dones v. Life Ins. Co. of North America* (2020) 55 Cal.App.5th 665, 688.) This factual alteration "carries with it the onus of untruthfulness." (*Avalon Painting Co. v. Alert Lumber Co.* (1965) 234 Cal.App.2d 178, 184.)

Husband contends he should be allowed to amend the second amended complaint to allege causes of action against the children for breach of fiduciary duty, conspiracy to "cheat [him] out of all but a sliver of the value of the two properties," fraud, undue influence, breach of contract, and financial elder abuse. All of these causes of action are fatally inconsistent with the allegations in the original complaint. Pursuant to these allegations, wife (not the children) "demanded" that the properties be conveyed to the children to shield the properties from potential malpractice claims. The parents' "intent . . . was for the children to hold, in trust, the [parents'] interest in the properties until the death of both [parents]."

Accordingly, husband has not carried his burden of establishing that the trial court exceeded the bounds of reason in determining that, in view of the original complaint, there is no reasonable possibility husband could amend the second amended complaint to allege a cause of action that is not a sham pleading.[2]

---

[2] We need not consider husband's claims that neither the statute of frauds nor the equitable doctrine of "unclean hands" precludes him from seeking the imposition of a constructive trust on the properties.

*Disposition*

The judgments are affirmed.  Respondents (the children) shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

15

Dana K. Caudill and Carol L. Hubner, Judges

Superior Court County of Ventura

_____


        Alan L. Rosen, in propria persona; Benedon & Serlin, Gerald M. Serlin and Melinda W. Ebelhar, for Appellant.

        Liz C. Rozen, in propria persona, for respondent.

        The Federici Law Firm and Michael L. Federici, for respondents, Lauren Rosen and R Rosen.