Filed 6/26/26  Graham v. Hammel, Green and Abrahamson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOHN STEVEN GRAHAM, JR., as Trustee, etc.,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>HAMMEL, GREEN AND ABRAHAMSON, INC.,<br><br>　　　Defendant and Appellant. | A172119<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-22-598327) |

Hammel, Green and Abrahamson, Inc. (HGA) appeals from the trial court's order granting a new trial in John Steven Graham, Jr.'s (Graham) suit against HGA for breach of contract, negligence, and unjust enrichment based on HGA's architecture services for a house remodeling project.  The trial court granted a new trial because it concluded it had erred by instructing the jury that a written instrument was necessary for Graham, who sued as the trustee of his revocable trust, to prove that the residential property at issue was subject to the trust.  HGA contends the jury instruction was correct because Graham needed to establish the property had been transferred to the trust and Probate Code section 15206, which is a statute of frauds provision, required

1

written evidence for this purpose. HGA further argues that its motions for nonsuit and directed verdict should have been granted because no evidence satisfying the statute of frauds was admitted into evidence. Graham has filed a protective cross-appeal raising related issues.

The jury instruction was erroneous, and the trial court appropriately granted Graham's new trial motion. A revocable inter vivos trust in which the settlor also serves as trustee is simply a probate-avoidance device. (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2010) 184 Cal.App.4th 196, 208.) For most purposes, including this straightforward breach of contract and negligence suit that somehow became bogged down in the intricacies of trust law, Graham's status as a trustee was legally indistinguishable from his status as an individual. " '[P]roperty transferred to, or held in, a revocable inter vivos trust is deemed . . . the property of the settlor.' " (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1319, italics omitted (*Steinhart*).) When he sued to enforce his rights over the property, Graham was suing to protect his rights as both settlor and trustee, and his identification of himself as trustee was unnecessary and surplusage. (*McKoin v. Rosefelt* (1944) 66 Cal.App.2d 757, 768–769.) There is no relevant substantive difference between Graham's different capacities in this case.

It was also unnecessary for Graham to submit written evidence to establish his ownership of the property. Longstanding case law permits the use of oral testimony to prove property ownership. (*Skinner v. City of Los Angeles* (1936)

5 Cal.2d 317, 319.)  Probate Code section 15206 does not control because it only comes into play when a trustee denies the validity of a trust, and it cannot be raised by third parties.  (*Cardoza v. White* (1933) 219 Cal. 474, 476.)  We will therefore affirm the trial court's order granting a new trial and dismiss Graham's cross-appeal.  (*Grobeson v. City of Los Angeles* (2010) 190 Cal.App.4th 778, 798–799 [if order granting a new trial is affirmed, cross-appeal should be dismissed].)

## BACKGROUND

Graham hired HGA to perform architectural services for a renovation and remodel of a property in San Francisco.  The contract with HGA identified Graham only by name and did not mention a trust.

Graham later sued HGA for breach of contract, negligence, and unjust enrichment based on HGA's performance.  The caption and first paragraph of Graham's complaint identified him as the trustee of a revocable trust and said he owned the property at issue in San Francisco, but the complaint did not otherwise mention the trust.

Leading up to trial, Graham filed a motion in limine to bar HGA from presenting evidence or argument regarding whether Graham as trustee was a proper plaintiff, arguing that the distinction between Graham as an individual and Graham as trustee was irrelevant.  The trial court denied the motion, explaining that it believed the trust was an independent entity and it would not allow Graham to shoehorn individual damages into the damages he was seeking on behalf of the trust.  But the

3

court allowed Graham to raise the issue again based on the evidence developed at trial.

At trial, Graham testified that he bought the property as an individual and transferred it into his trust.[1] He did not present a written instrument documenting this.

At the close of Graham's case and its own case, HGA moved for nonsuit and a directed verdict, respectively. Among other grounds, HGA argued that Graham as trustee lacked standing because the statute of frauds required him to present a signed writing to prove the existence of the trust and that the property at issue was trust property. The trial court denied the motions.

Nonetheless, over Graham's objection, the trial court agreed to give five special jury instructions related to Graham's standing. The first four stated that Graham needed to prove the existence and validity of the trust and that Graham as trustee had the authority to bring the action on behalf of the trust. Special jury instruction number five said that Graham was required to prove the trust's interest in the property via a written instrument introduced into evidence.

---

[1] We summarize the parties' statements or positions using their own language. The parties, like many courts, frequently use a shorthand of referring to trusts as though they are entities or own property. (See, e.g., *Portico Management Group, LLC v. Harrison* (2011) 202 Cal.App.4th 464, 474–475; *Boshernitsan v. Bach* (2021) 61 Cal.App.5th 883, 892.) As a technical matter, a trust is a fiduciary relationship with respect to property and not a legal entity or person, so it cannot own property. (*Boshernitsan*, at p. 891.) Instead, the trustee holds the legal title to property. (*Ibid.*)

4

The trial court allowed Graham to reopen his case to admit into evidence a written certificate of his trust. Graham also asked to be allowed to admit a copy of a property deed when he reopened his case. The trial court said that Graham would not be able to have the copy of the deed admitted into evidence because it was not certified, but the court later said that it would admit "the evidence that's within the Evidence Code" and "it's up to [Graham]" whether he wanted to try to have the uncertified deed admitted. Graham then took the stand to authenticate a certificate of his trust, and his counsel moved it into evidence, but his counsel did not examine him about the uncertified copy of the deed.

A majority of the jury found in a special verdict that the trust did not own the property and, as the verdict forms instructed, answered no other questions. Believing itself bound by the jury's verdict, the trial court found for HGA on the unjust enrichment claim and entered judgment for HGA.

Graham moved for a new trial, arguing, as relevant here, that special instruction number five was an incorrect statement of law. The trial court granted the motion. It concluded the special instruction was erroneous because ownership can be proven by oral testimony, citing *Bender v. Schneider* (1957) 149 Cal.App.2d 195, 197.

## DISCUSSION

The issue in this case is whether the trial court correctly instructed the jury that Graham needed to prove via a written instrument that he owned the property as a trustee. We review

5

the propriety of jury instructions de novo.  (*Drury v. Ryan* (2025) 109 Cal.App.5th 1102, 1108.)

## I.  Necessity of Proof of Ownership of Property as Trustee

"In general terms, in order to have standing, the plaintiff must be able to allege injury—that is, some 'invasion of the plaintiff's legally protected interests.' " (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175.)  "Standing is related to the requirement contained in Code of Civil Procedure section 367 that '[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute.'  (Code Civ. Proc., § 367.)  The real party in interest is generally the person who has the right to sue under the substantive law. [Citation.]  'A party who is not the real party in interest lacks standing to sue because the claim belongs to someone else.' " (*River's Side at Washington Square Homeowners Assn. v. Superior Court* (2023) 88 Cal.App.5th 1209, 1225–1226.)

HGA contends that Graham had to establish his standing to bring suit as the trustee of his revocable trust by pleading and proving via a written instrument that he owned the property as a trustee when the negligence claim accrued and that he, as a trustee, was a party to the contract with HGA for the breach of contract claim.  The main premise of HGA's argument is that there is some legal distinction for the purposes of standing between Graham as an individual and Graham as trustee of his revocable trust.  This is wrong.

" 'Under California law, a revocable inter vivos trust is recognized as simply "a probate avoidance device . . . ." (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP*, *supra*, 184 Cal.App.4th at p. 208.) "[A]t least for most purposes '[t]here is no distinction in California law between property owned by the revocable trust and property owned by the settlor of such a revocable trust during the lifetime of the settlor.' " (*Ibid.*) "[A] settlor with the power to revoke a living trust effectively retains full ownership and control over any property transferred to that trust." (*Arluk Medical Center Industrial Group, Inc. v. Dobler* (2004) 116 Cal.App.4th 1324, 1331–1332; accord, *Steinhart*, *supra*, 47 Cal.4th at p. 1319 [quoting this passage in *Arluk*].) "Any interest that beneficiaries of a revocable trust have in trust property is 'merely potential' and can 'evaporate in a moment at the whim of the [settlor],' " as a number of statutes recognize. (*Steinhart*, at p. 1319.) One such statute is Probate Code section 18200, which allows a settlor's creditors to reach a settlor's revocable trust property during the settlor's lifetime to the extent of the revocation power. (*Id.* at p. 1319, fn. 14.) Another is Probate Code section 15800, subdivision (a), which states that generally the holder of the revocation power of a trust has the rights of a beneficiary and is owed the duties of the trustee. (*Steinhart*, at p. 1319.) Thus, as noted previously, " '[p]roperty transferred to, or held in, a revocable inter vivos trust is deemed . . . the property of the settlor.' " (*Id.* at p. 1319, italics omitted; see *id.* at p. 1320 [transfer of legal title to property from

7

the owner to herself as trustee is not considered a change of ownership for purposes of property taxation].)

In view of these principles, to establish his standing there was no need for Graham to prove that he owned his property as a trustee of a revocable trust rather than an individual. For most purposes, including the need to establish that he suffered some invasion of his legally protected interests and had the right to sue under substantive law, his capacities as an individual and trustee were effectively identical. If HGA damaged the property, Graham suffered the injury as both settlor and trustee. HGA and Graham owed each other the same duties under the contract whether Graham was a party to it as an individual or as trustee of his revocable trust.

HGA asserts that courts often distinguish between trustees asserting claims on behalf of themselves personally and on behalf of the trust. It cites a passage from a treatise that states, "A debt that a beneficiary owes to a trustee as a private individual does not run between the same parties as the beneficiary's claim against the trustee as a trustee. In other words, A, as trustee, and A, as an individual outside the trusteeship, constitute two separate legal persons." (Bogert et al., The Law of Trusts and Trustees (2025) § 17.) As it pertains to California law, this statement must concern a trust in which trustee, settlor, and beneficiary are different people, since it assumes that the trustee owes duties to the beneficiary rather than the settlor. This is not the case for revocable trusts like Graham's, where the trustee generally owes duties to the settlor, not the beneficiary, while the

8

trust is revocable.  (Prob. Code, § 15800, subd. (a).)  Whatever the merits of this statement as a general matter, it does not answer the question of whether there is a meaningful distinction between Graham's status as an individual and trustee of a revocable trust for the purposes of standing in this case.

HGA also argues that the distinction between Graham as an individual and a trustee matters because Graham chose to identify himself in his complaint as a trustee and not an individual and sought damages on behalf of the trust.  But Code of Civil Procedure section 367 has long permitted a trustee of an express trust to bring suit without mentioning his status as trustee at all.  As *McKoin v. Rosefelt*, *supra*, 66 Cal.App.2d at page 769 explained more than 80 years ago in rejecting an argument that a trustee should have identified himself as such in a quiet title action, "it is unnecessary for the trustee in the pleadings or other proceedings to describe himself as trustee.  He can proceed in the action as though he were the owner of the claim which he is enforcing.  If he does describe himself as trustee the description is treated as surplusage.' "  More recently, *Hassoldt v. Patrick Media Group, Inc.* (2000) 84 Cal.App.4th 153, 171, disapproved on other grounds by *People v. Rogers* (2013) 57 Cal.4th 296, 330–331, applied this principle and held that property owners had standing to bring an action for trespass in their own names even though they owned a property as trustees and were beneficiaries of the trust.  Graham's identification of himself as a trustee was extraneous and unnecessary, and it did not limit the scope of his standing to assert the claims in the

9

complaint given that he effectively retained full ownership and control over the trust property and it is deemed to be his as settlor.  (*Steinhart*, *supra*, 47 Cal.4th at p. 1319.)

## II. Written Evidence of Property Ownership

It does not appear from the record that there was any dispute that Graham owned in some capacity the property underlying his suit, but to the extent Graham needed to establish his ownership, written proof was unnecessary.  Our Supreme Court held 90 years ago that a plaintiff's oral testimony sufficed to support a finding that the plaintiff owned a property for which he claimed damages from a city's street grading.  (*Skinner v. City of Los Angeles*, *supra*, 5 Cal.2d at pp. 318–319.)  As the Supreme Court explained, "the ownership of property is, as a general rule, a fact to which a witness may testify."  (*Id.* at p. 319.)  *Diamond v. Grath* (1941) 46 Cal.App.2d 443, 444–446 applied *Skinner* a few years later and held that a trustee properly proved his ownership of property by oral testimony alone, without the introduction into evidence of the written trust agreement.  In the same vein, *Bender v. Schneider*, *supra*, 149 Cal.App.2d at page 197, which the trial court here cited, held that oral testimony was sufficient to prove property ownership in a premises liability suit.  In the absence of other evidence, ownership of real property can also be established in other ways, such as by proving acts of ownership over it.  (Evid. Code, § 638 ["A person who exercises acts of ownership over property is presumed to be the owner of it."]; *Davis v. Crump* (1912) 162 Cal. 513, 518 ["As against an entire stranger to the title, actual possession of land has

10

uniformly been held, both in ejectment and actions to quiet title, to make out a *prima facie* case, sufficient to sustain a conclusion of ownership."].) Written evidence is not necessary to prove property ownership.

HGA relies on Probate Code section 15206, which states, "A trust in relation to real property is not valid unless evidenced by one of the following methods: [¶] (a) By a written instrument signed by the trustee, or by the trustee's agent if authorized in writing to do so. [¶] (b) By a written instrument conveying the trust property signed by the settlor, or by the settlor's agent if authorized in writing to do so. [¶] (c) By operation of law." This provision, which is considered an incarnation of the statute of frauds, has existed in some form in California for well over a century. (Civ. Code, former § 852, as enacted Mar. 21, 1872; Recommendation: Proposing the Trust Law (Dec. 1985) 18 Cal. Law Revision Com. Rep. (1985) pp. 524–525 & fn. 39; 1 Witkin, Summary of Cal. Law (11th ed. 2026) Contracts § 343 ["The statute of frauds is a collective term describing the various statutory provisions that deny enforcement to certain enumerated classes of contracts unless they are reduced to writing and signed by the party to be charged."].)

While Probate Code section 15206 does require written evidence of a trust in real property for some purposes, it is inapplicable here. As explained in another provision of the treatise that HGA itself cited, "The Statute of Frauds was enacted to prevent obligations of trusteeship from being imposed on the holder of record title to real property on the basis of oral

11

testimony because such testimony is subject to fraud, perjury, misunderstanding and mistake.  The trustee is the party that the Statute intends to protect, as imposing a trust would not only divest someone who appears of record to be an outright owner of property, but would also impose fiduciary duties on them with regard to the property." (Bogert et al., *supra*, § 70.)  "Creditors of the trustee generally do not have the right to plead the Statute of Frauds unless and until they acquire liens against the property by obtaining judgments against the trustee and placing them on record, levy an execution, or purchase the property at a judicial sale." (*Ibid.*)  Moreover, "[a]s a general rule, strangers to the trust cannot attack the validity of the trust by raising the Statute of Frauds." (*Ibid.*)

The California Supreme Court applied this rule long ago in *Cardoza v. White*, *supra*, 219 Cal.at p. 476.  As the court explained, "[A]n oral trust in real property cannot be held wholly void; it is merely unenforceable when, in an action brought to compel performance of its terms, the party to be charged asserts its invalidity." (*Ibid.*)  The court therefore rejected a creditor's invocation of the predecessor to Probate Code section 15206 to invalidate the transfer of the property from the trustee to the beneficiary. (*Ibid.*; see 13 Witkin, Summary of Cal. Law (11th ed. 2026) Trusts, § 35.)  This rule is in accord with the more commonly invoked statutes of frauds concerning contracts in Civil Code section 1624, subdivision (a)(3) and Code of Civil

12

Procedure section 1971, which HGA also mentions.[2] "The rule is elementary that the statute of frauds can be invoked only by the parties to the unwritten contract, and is not available to third persons who are not parties to it" (*Demeter v. Annenson* (1947) 80 Cal.App.2d 48, 57) or a successor to a contracting party (*O'Banion v. Paradiso* (1964) 61 Cal.2d 559, 562). HGA is a third party to Graham's trust, not a trustee or a successor to a trustee, and cannot complain that the trust does not satisfy the statute of frauds.

HGA relies on *Ukkestad v. RBS Asset Finance, Inc.* (2015) 235 Cal.App.4th 156, 161–164, in which a Court of Appeal held a trust document complied with the statute of frauds, and *Osswald v. Anderson* (1996) 49 Cal.App.4th 812, 818, 820, in which a Court of Appeal held that two trust documents did not. Neither case considered whether a third party could raise the statute of frauds, so they do not control here. (*California Building Industry Assn. v. State Water Resources Control Bd* (2018) 4 Cal.5th 1032,

_____

[2] Civil Code section 1624, subdivision (a)(3) states, as relevant here, "The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: [¶] . . . [¶] . . . An agreement . . . for the sale of real property, or of an interest therein . . . ." Section 1971 of the Code of Civil Procedure states, "No estate or interest in real property, other than for leases for a term not exceeding one year, nor any power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by the party's lawful agent thereunto authorized by writing."

1043 ["It is axiomatic that cases are not authority for propositions that are not considered."].) Nor could either Court of Appeal decision overrule the California Supreme Court's decision in *Cardoza v. White*, which we must follow.[3]

Graham did not need to prove his trust's ownership of the property via a written instrument, so the trial court erred when it instructed the jury that he did. We therefore affirm the trial court's grant of a new trial on this basis. Conversely, because Graham's oral testimony about his ownership of the property was sufficient, the trial court correctly denied HGA's motions for nonsuit and directed verdict to the extent HGA argued that Graham lacked evidence of his ownership of the property as

---

[3] The petitioner in *Osswald v. Anderson, supra,* 49 Cal.App.4th at pages 814–815, 818, was the beneficiary of one of the purported trusts, and the respondent was the alleged trustee at that point. This is precisely the situation the statute of frauds was designed to govern, so it is understandable that the Court of Appeal did not discuss whether a third party could enforce the statute of frauds. The petitioner in the alternative sought to enforce a second purported trust that named himself as trustee and the respondent as the successor trustee. (*Id.* at pp. 816, 820.) But the beneficiary had refused to accept the position of trustee at the time it was allegedly created. (*Id.* at p. 816.) The opinion's application of the statute in these circumstances could be read as implicitly accepting that the beneficiary was seeking to enforce this second trust against the respondent as successor trustee. (See Prob. Code, § 15660, subd. (b) [if a trust has no trustee and the trust "names the person to fill the vacancy, the vacancy shall be filled as provided in the trust instrument."].) In any event, the facts of *Osswald* are distinguishable from the situation here, in which HGA, a complete stranger to Graham's trust, argues it is invalid as to the property at issue.

14

trustee. (*Bell v. State of California* (1998) 63 Cal.App.4th 919, 927 [order denying motion for directed verdict is reviewable in appeal from order granting a new trial].)

Because a new trial is warranted, " 'the effect is that there is no longer a final judgment. Hence, the merits of the cross-appeal will not be considered, and the appropriate order is a dismissal of that appeal.' " (*Grobeson v. City of Los Angeles*, *supra*, 190 Cal.App.4that pp. 798–799.)

## DISPOSITION

The trial court's order is affirmed. Graham's protective cross-appeal is dismissed. Graham shall recover his costs on appeal.

BROWN, P. J.


WE CONCUR:

GOLDMAN, J.
SWEET, J.*

*Graham v. Hammel, Green & Abrahamson* (A172119)

---

* Judge of the Superior Court of Marin County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.